# THOMAS M. CURTIS
### *ATTORNEY AT LAW*
thomasmcurtis@yahoo.com

1385 York Avenue, Suite 32-B
New York, NY 10021

Tel: (212) 734 4915
Fax: (212) 535 4688
Cell: (646) 981 8076



May 13, 2013

Via E-mail: CoteNYSDChambers@nysd.uscourts.gov
Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007

      Re: <u>Curtis v. Cenlar FSB, et.al.</u> No. 13-cv-3007 (DLC)

Dear Judge Cote:

    I am writing in response to the letter from Bradley L. Mitchell of Stevens & Lee dated May 8, 2013 addressed to your honor which was received by me on May 9th via email.

    The letter from Mr. Mitchell is misleading and does not correctly relate the telephone conference between us. He telephoned me on my cell phone on May 8th to request a 30 day extension of Cenlar and Freddie Mac's response to the complaint. I told him that I would sign such a stipulation if he gave me a standstill agreement that Cenlar and Freddie Mac would not declare a default under my mortgage for failure to pay the charges for force placed insurance the propriety of which is the core issue before your Honor or Supreme Court if the case is remanded. I also told him that I was in Florida and would return to NYC on the afternoon of May 9th and would not be moving for a default.

    Mr. Mitchell said that he would get back to me. Instead, I received a copy of the letter dated May 8, 2013 addressed to your honor. I have no doubt that your honor will grant Mr. Mitchell's request but I would like the Court to be aware that Freddy Mac was personally served with the summons, verified complaint and notice of e-filing on April 8, 2013 and Cenlar, FSB was personally served on April 9, 2013. Affidavits of service were duly e-filed in the Supreme Court action. Stevens & Lee never filed a Notice of Appearance or made a request for additional time to answer or move with regard to the complaint until May 8, 2013. I wish to advise your Honor that in my New York practice I always agree to additional time when it is requested by opposing counsel except when opposing counsel is attempting to game the system as appears to be the case here.

    I have also been notified that the Court has scheduled an

<u>Hon. Denise L. Cote</u>:               May 13, 2013    -      Page 2

Initial Pretrial Conference for June 21, 2013 at 10 AM. I am unavailable on that date as I previously booked and paid for a flight leaving NYC for West Palm Beach on June 19, 2013 and do not expect to return before June 28, 2013. If your initial pretrial conferences are held on Fridays I wish to advise the Court that I am available on June 7th and June 14th. Currently I am out of town from May 26 - June 6, 2013 and have a court appearance in Supreme Court, NY County on June 10, 2013. I am currently available on other days except as stated above.

The Notice of Removal filed by defendant American Security Insurance Company asserts that Assurant, Inc. is not a proper defendant and therefore there is proper diversity jurisdiction. The summons and complaint with exhibits are annexed as Exhibit 1 to the Notice of Removal. Complaint Exhibit A is an Acord Certificate evidencing property insurance in the amount of $496,780 with Lloyds of London for the period 12/02/12 - 12/02/13. A core issue before the court is whether this policy complies with the mortgage.

I believe that Assurant is a proper defendant based on the Consent Order previously submitted and additional documents linking defendant American Security Insurance Company with defendant Assurant, Inc. which are in my possession from another matter. In the interest of judicial economy, I respectfully request the earliest possible Initial Pretrial Conference and additional time to move for remand if the matter is not settled at that conference and/or the Court does not remand *sua sponte* at that conference.

I am making the request for an early conference because Cenlar was about to hold me in default on my mortgage for non payment of force placed insurance premiums even though the core issue in the complaint is that no such premium payments are due.

If Stevens & Lee is willing to stipulate on behalf of Cenlar and Freddie Mac that all premium claims for force placed insurance will be suspended until a court of competent jurisdiction decides the issue then I don't have a time problem. Without such a stipulation I need to resolve the issue of which court is hearing this case as soon as possible so that I know where I am making my application for a TRO and preliminary injunction.

Respectfully Submitted,

Thomas M. Curtis

TMC:ms
cc:  Bradley L. Mitchell, Esq. blm@stevenslee.com
     Karen E. Abravanel, Esq.  kabravanel@sandw.com