UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THOMAS M. CURTIS                    :
                                    :   Case No. 13-cv-3007-DLC
                 Plaintiff,         :
                                    :
         -against-                  :
                                    :   **NOTICE OF MOTION**
CENLAR, FSB, d/b/a CENTRAL LOAN     :
ADMINISTRATION & REPORTING, CENLAR  :
AGENCY, INC., FEDERAL HOME LOAN     :
MORTGAGE CORPORATION, AMERICAN      :
SECURITY INSURANCE COMPANY, and     :
ASSURANT, INC.                      :
                                    :
                 Defendants.        :
------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6-14-2013
```

    PLEASE TAKE NOTICE, upon the Declaration of Thomas M. Curtis dated June 13, 2013, the exhibits annexed thereto, the accompanying memorandum of law, and all prior pleadings and proceedings had herein, plaintiff will move this Court, Hon. Denise L. Cote, in Courtroom 15B of the United States Courthouse located at 500 Pearl Street, New York, New York 10007, for an order pursuant to 28 U.S.C. §1447 remanding the instant proceeding to the Supreme Court of the State of New York, County of New York on the ground that this Court lacks subject matter jurisdiction.

    PLEASE TAKE FURTHER NOTICE, that pursuant to Local Civil Rule 6.1(b), any opposing affidavits and memoranda of law shall be served within fourteen days after service of this motion, and any reply affidavits and memoranda of law shall be served within seven days after service of the opposition.

Dated: New York, New York
       June 13, 2013


*/s/ Thomas M. Curtis*

Thomas M. Curtis
Plaintiff, *Pro Se*
1385 York Avenue, Suite 32-B
New York, NY  10021
Tel: (212) 734-4915

To:
Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019
Tel: (212) 660-3000
Attorneys for Defendant American Security Insurance Company

Jorden Burt LLP
175 Powder Forest Drive, Suite 301
Simsbury, CT 06090
Tel: (860) 392-5000
Attorneys for Defendant Assurant, Inc.

Stevens & Lee
485 Madison Avenue, 20th Floor
New York, NY 10022
Tel: (646) 254-6385
Attorneys for Defendants Cenlar, FSB d/b/a
Central Loan Administration & Reporting;
Cenlar Agency, Inc.; and Federal Home
Loan Mortgage Corporation

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THOMAS M. CURTIS                    :
                                    :   Case No. 13-cv-3007-DLC
                    Plaintiff,      :
                                    :
        -against-                   :
                                    :
CENLAR, FSB, d/b/a CENTRAL LOAN     :   **DECLARATION OF THOMAS**
ADMINISTRATION & REPORTING, CENLAR  :   **M. CURTIS IN SUPPORT OF**
AGENCY, INC., FEDERAL HOME LOAN     :   **MOTION FOR REMAND**
MORTGAGE CORPORATION, AMERICAN      :
SECURITY INSURANCE COMPANY, and     :
ASSURANT, INC.                      :
                                    :
                    Defendants.     :
------------------------------------x
```

I, Thomas M. Curtis, declare as follows:

1. I am the plaintiff in the within action and make this declaration in support of my motion for an order pursuant to 28 U.S.C. §1447 remanding the instant proceeding to the Supreme Court of the State of New York, County of New York on the ground that this Court lacks subject matter jurisdiction.

2. I have personal knowledge of the facts and statements set forth herein.

3. The Notice of Removal by defendant American Security Insurance Company ("American Security") dated May 3, 2013, asserts that this Court has subject matter jurisdiction because defendant Assurant, Inc. ("Assurant") is fraudulently or improperly joined and that the amount in controversy exceeds the jurisdictional minimum of $75,000.

4. As set forth in detail below, the conclusions set forth in the Notice of Removal by defendant American Security are incorrect.

5. The following documents are annexed hereto in support of this motion:

Exhibit 1 - Verified Complaint dated 4/4/13 with Exhibits A & B.

Exhibit 2 - New York State Press Release dated 3/21/13 entitled "CUOMO ADMINISTRATION SETTLES WITH COUNTRY'S LARGEST FORCE-PLACED INSURER, LEADING NATIONWIDE REFORM EFFORT AND SAVING HOMEOWNERS, TAXPAYERS, AND INVESTORS MILLIONS OF DOLLARS"

Exhibit 3 - Consent Order In Re American Security Insurance Company, American Bankers Insurance Company of Florida, and Assurant, Inc.

Exhibit 4 - American Security Residential Property Policy Declarations page addressed to Patti A. Van Dyke for force placed insurance in favor of America's Servicing Company with Assurant Solutions Privacy Policy which refers the named insured to assurant.com.

Exhibit 5 - Notice and Claim Form from Assurant on behalf of American Security pursuant to the "settlement between the New York State Department of Financial Services and American Security Insurance Company...."

Exhibit 6 - Assurant and American Security Claim statement referring to Assurant.com and Assurant.com web pages for Assurant Products & Services.

**ASSURANT IS CONNECTED TO THE CONTROVERSY**

6. As shown in plaintiff's memorandum of law, the burden of establishing federal jurisdiction falls on the party invoking removal.

7. Plaintiff named Assurant as a defendant because the New York State Department of Financial Services deemed it to be responsible for the acts of American Security in New York (Exhibits 2 and 3).

8. The complaint (Exhibit 1) states at ¶10 as follows:

Upon information and belief, Assurant is registered to do

-2-

business in the State of New York and is the instrumentality through which American Security is authorized to do business in the State of New York.

9. Plaintiff represents Patti A. Van Dyke in various foreclosure matters and thereby received Exhibit 4 consisting of the American Security Residential Property Policy Declarations page with Assurant Solutions Privacy Policy which refers the named insured to assurant.com.

10. The Notice and Claim Form from Assurant on behalf of American Security pursuant to the "settlement between the New York State Department of Financial Services and American Security Insurance Company...." (Exhibit 5) and the Assurant and American Security Claim statement referring to Assurant.com and Assurant.com web pages for Assurant Products & Services (Exhibit 6) further demonstrate that Assurant administers substantive aspects of American Security's business.

11. The fourth cause of action against all defendants is alleged as against all defendants. Respectfully, it is not necessary to name each defendant under such circumstances. In addition, footnote 1 at Paragraph 97 references the Press Release and Settlement Agreement which are annexed hereto as Exhibits 2 and 3.

12. Defendant American Security's Notice of Removal was supported by the self-serving declarations of Jessica Olich and Ronald K. Wilson in order to make the case that the inclusion of Assurant as a defendant is either fraudulent or improper.

13. Respectfully, if the State of New York deems Assurant a necessary party to the settlement with American Security (Exhibit 3), then joinder in the instant case is not fraudulent or improper.

14. Finally, as shown by Exhibits 4 and 5, Assurant uses its web site as a reference for settlements on behalf of American Security and for providing privacy policy information (Exhibit 4 - last page).

**THE AMOUNT IN CONTROVERSY IS UNDER $75,000.00**

15. As shown in plaintiff's memorandum of law submitted herewith, the removing defendant bears the burden of demonstrating that the amount in controversy meets the jurisdictional threshold.

16. The Notice of Removal misstates the amount in controversy by aggregating all of the causes of action.

17. Under New York CPLR 3014, a complaint may contain alternative claims. (*Cohen v. Lionel Corp*, 21 NY2d 559) The third cause of action against Cenlar and Freddie Mac refers to the allegations contained in Paragraphs 1 - 83 and demands $20,000. The fourth cause of action against all defendants refers to the allegations contained in Paragraphs 1 - 83 and demands $50,000. The two demands are not cumulative as plaintiff cannot collect against Cenlar and Freddie Mac twice based on the same allegations.

18. Therefore, the maximum amount demanded against all defendants on those two causes of action is the sum of $50,000 and not $70,000 as asserted by the Notice of Removal (at ¶43).

19. The first and second causes of action seek a declaratory

judgement as to the rights and obligations of the parties and an injunction to enforce a favorable declaratory judgment. The third and fourth causes of action are alternatives to the declaratory judgment and injunctive relief claimed in the first two causes of action or would be merged in any declaratory judgment.

20. Based on the foregoing, the assertion by defendant American Security that all the causes of action are cumulative is nothing more than a bootstrap argument in support of subject matter jurisdiction.

21. I declare under the penalty of perjury that the foregoing is true and correct.

Executed June 13, 2013

_____
Thomas M. Curtis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Thomas M Curtis
_____

(List the name(s) of the plaintiff(s)/petitioner(s).)

13 Civ. 3007 (DLC)

- against -

**AFFIRMATION OF SERVICE**

Cenlar FSB d/b/a Central Loan Administration + Reporting, Cenlar Agency Inc, Federal Home Loan Mortgage Corporation, American Security Insurance Company + Assurant, INC

(List the name(s) of the defendant(s)/respondent(s).)

I, (print your name) Thomas M. Curtis, declare under penalty of perjury that I served a copy of the attached (list the names of the documents you served): NOTICE OF MOTION + MEMORANDUM OF LAW

upon all other parties in this case by (state how you served the documents, for example, hand delivery, mail, overnight express) BY HAND DELIVERY IN COURT ROOM 15B to the following persons (list the names and addresses of the people you served): ANDREW SOLOMON, ESQ (SULLIVAN WORCESTER LLP), ROBERT HEUPAND ESQ (NORDEN BURT LLP), + BRADLEY MITCHELL (STEVENS + LEE)

on (date you served the document(s)) June 14, 2013

June 14, 2013
Dated

Thomas M Curt
Signature
1385 York Ave Apt 32B
Address
New York NY 10021
City, State

Zip 10021
Telephone Number 212 734-4915
E-Mail Address THOMASMCURTIS@yahoo.com

Rev. 01/2013