UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS M. CURTIS,

Plaintiff,

-against-

CENLAR, FSB, d/b/a CENTRAL LOAN ADMINISTRATION & REPORTING, CENLAR AGENCY, INC., FEDERAL HOME LOAN MORTGAGE CORPORATION, AMERICAN SECURITY INSURANCE COMPANY, and ASSURANT, INC.

Defendants.

Case No. 13-cv-3007-DLC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-14-2013

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**

Thomas M. Curtis
Plaintiff, *Pro Se*
1385 York Avenue, Suite 32-B
New York, NY 10021
Tel: (212) 734-4915

## PRELIMINARY STATEMENT

Plaintiff submits this Memorandum of Law in support of his motion for an order pursuant to 28 U.S.C. §1447 remanding the instant proceeding to the Supreme Court of the State of New York, County of New York on the ground that this Court lacks subject matter jurisdiction.

## POINT I

## SUBJECT MATTER JURISDICTION CAN BE RAISED AT ANY TIME ON MOTION OR SUA SPONTE BY THE DISTRICT COURT

Lack of subject matter jurisdiction may be noticed by the district court sua sponte or by any party "for jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008)(citing *Steel Co. V. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

A court "may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Collins v. American Home Products Corporation*, 343 F.3d 765, 768 (5th Cir. 2003) citing *Boyer v. Snap-On Tools Corporation*, 913 F.2d 108 (3d Cir. 1990) and remanding to the State Court.

"Federal courts look only to a plaintiff's pleadings to determine removability.... Diversity is generally determined from the face of the complaint." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir.1986) (citing *Self v. General*

*Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) and *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

**POINT II**

**THE PARTY INVOKING REMOVAL HAS THE BURDEN OF ESTABLISHING FEDERAL JURISDICTION**

The burden of establishing federal jurisdiction falls on the party invoking removal. *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004), cert. denied 544 U.S. 949 ("The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff" citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

In determining whether defendant can support a fraudulent joinder claim effected to defeat diversity, defendant must clearly demonstrate that there has been outright fraud committed in plaintiff's pleadings or that there is no possibility that the plaintiff can state a cause of action against the non-diverse defendant in state court. All uncertainties in applicable state law are resolved in favor of the plaintiff, and the complaint is subjected to less searching scrutiny than on a motion to dismiss for failure to state a claim. *DNJ Logistic Group, Inc. v. DHL Exp. (USA), Inc.*, 727 F.Supp.2d 160 (EDNY 2010)(granting motion to remand).

On motion to remand asbestos-injury cases on basis of fraudulent joinder of non-diverse defendant, removing defendants

failed to establish by clear and convincing evidence that there was no possibility that plaintiffs could recover from asbestos-products manufacturer based on claim that it had supplied asbestos products to which they were exposed; neither general allegation in complaint that plaintiffs' respective injuries were proximately caused by the defendants' negligent actions, nor plaintiffs' alleged failure at their depositions specifically to identify non-diverse manufacturer as source of asbestos were grounds for finding fraudulent joinder. *Sherman v. A.J. Pegno Constr. Corp.*, 528 F.Supp.2d 320 (SDNY 2007)(granting motion to remand and awarding costs and fees).

See also: *Rodrigues v. Genlyte Thomas Group LLC*, 392 F.Supp.2d 102 (D.Mass. 2005)(employee stated colorable claim against nondiverse individual defendant for interference with contractual relations, employer failed to meet its burden of showing that defendant was fraudulently joined); *Lewis v. World Boxing Council*, 914 F.Supp. 1121 (DNJ 1996)(joinder of boxing council in its capacity as unincorporated association, with members in New Jersey and England, not fraudulent); *Brewer Mach. & Conveyor Mfg. Co., Inc. v. Old National Bank*, 248 F.R.D. 478 (WDKY 2008)(Non-diverse defendant was not fraudulently joined to defeat diversity jurisdiction where plaintiff stated colorable claims of negligence and fraudulent inducement against non-diverse defendant under Kentucky law).

**CONCLUSION**

Plaintiff's motion to remand to the Supreme Court of the State of New York, County of New York on the ground that this Court lacks subject matter jurisdiction should be granted in all respects.

Dated: New York, New York
June 13, 2013

Thomas M. Curtis
Plaintiff, *Pro Se*
1385 York Avenue, Suite 32-B
New York, NY 10021
Tel: (212) 734-4915