```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
THOMAS M. CURTIS                      :
                                      :    Case No. 13-cv-3007-DLC
                 Plaintiff,           :
                                      :
          -against-                   :
                                      :
CENLAR, FSB, d/b/a CENTRAL LOAN       :
ADMINISTRATION & REPORTING, CENLAR    :
AGENCY, INC., FEDERAL HOME LOAN       :
MORTGAGE CORPORATION, AMERICAN        :
SECURITY INSURANCE COMPANY, and       :
ASSURANT, INC.                        :
                                      :
                 Defendants.          :
--------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/25/13

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Thomas M. Curtis
Plaintiff, *Pro Se*
1385 York Avenue, Suite 32-B
New York, NY  10021
Tel: (212) 734-4915

**PRELIMINARY STATEMENT**

Plaintiff submits this Memorandum of Law in opposition to the pre-answer motion by defendants American Security Insurance Company and Assurant, Inc. to dismiss the verified complaint ("Complaint") herein.

**BRIEF FACTUAL STATEMENT**

This lawsuit arises out of defendants' erroneous interpretation of the property insurance provision in a mortgage on property owned by plaintiff. Since defendants' motion seeks to dismiss the Complaint on the grounds that the court does not have subject matter jurisdiction and that the Complaint fails to state a claim, the court is respectfully referred to the Complaint and the declaration of Thomas M. Curtis in opposition to the motion.

**ARGUMENT**

**POINT I**

**THE STANDARD OF REVIEW ON DEFENDANTS' MOTION TO DISMISS**

Since the case at bar was commenced in the Supreme Court for the State of New York, County of New York (Curtis Declaration, Exhibit A) and removed to this court by Notice of Removal dated May 3, 2013, plaintiff takes the position that the substantive law of New York controls the resolution of defendants' pre-answer motion to dismiss.

Whether or not plaintiff may ultimately establish the truth of his allegations is irrelevant on defendants' pre-answer motion to

-1-

dismiss for failure to state a cause of action. *219 Broadway Corp. v. Alexander's Inc.*, 46 NY2d 506, 509 (1979).

The Court of Appeals In *Leon v. Martinez*, 84 NY2d 83 (1994) succinctly stated the applicable standard of review on a motion to dismiss pursuant to CPLR 3211(a)(1) & (a)(7) as follows:

> On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see, CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (Morone v Morone, 50 NY2d 481, 484; Rovello v Orofino Realty Co., 40 NY2d 633, 634). Under CPLR 3211 (a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (see, e.g., Heaney v Purdy, 29 NY2d 157). In assessing a motion under CPLR 3211 (a)(7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint (Rovello v Orofino Realty Co., supra, at 635) and "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; Rovello v Orofino Realty Co., supra, at 636). (*Leon v. Martinez*, 84 NY2d at 87-88).

To be considered "documentary" for purposes of section 3211 (a)(1), the evidence in question must be unambiguous and of undisputed authenticity. *Fontanetta v. John Doe 1*, 73 AD3d 78 (2d Dept 2010). In *Fontanetta*, the court held as follows:

> A motion to dismiss pursuant to CPLR 3211 (a)(1) will be granted only if the "documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Fortis Fin. Servs. v Fimat Futures USA, 290 AD2d 383, 383 [2002] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 88 [1994]; Martin v New York Hosp. Med. Ctr. of Queens, 34 AD3d 650 [2006]; Berger v Temple Beth-El of Great Neck, 303 AD2d 346, 347 [2003]). "[I]f the court does not find [their] submissions 'documentary', it will

have to deny the motion" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 22). Since the printed materials relied on by the defendants do not qualify as such, we affirm the denial of that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1). (73 AD3d at 83-84).

Clearly, the declarations submitted by defendants in support of their motion do not qualify as documentary evidence to contradict the allegations of the Complaint. Furthermore, as shown in the Curtis Declaration in opposition, numerous documents submitted by defendants and published by defendant Assurant on its web site support the allegations of the Complaint.

## POINT II

### ANY AMBIGUITY IN THE MORTGAGE IS TO BE CONSTRUED AGAINST THE PARTY WHO DRAFTED IT

The mortgage (Curtis Declaration, Exhibit B) which underlies the claims of both sides in the case at bar is clearly a contract of adhesion. A review of the document indicates quite obviously that plaintiff did not draft it or participate in drafting it.

NJ Lenders Corp, the lender pursuant to the mortgage, used a standard form on which no changes by plaintiff borrower were permitted or made. Therefore, the ambiguity as to whether or not wind coverage is included in the requirements of property insurance set forth in Paragraph 5 is to be resolved against the party who prepared the document. *Graff v. Billet*, 64 NY2d 899, 902 (1984)

There is no language in the mortgage which specifically states wind coverage is required (Curtis Declaration, Exhibit A, ¶ 30, Exhibit B, ¶ 5). Therefore, the issue is one to be decided at trial and not on a motion to dismiss or on a motion for summary judgment.

**CONCLUSION**

By virtue of the foregoing, plaintiff requests that defendants' motion to dismiss the complaint be denied in all respects.

Dated: New York, New York
July 28, 2013

*[signature]*
Thomas M. Curtis
Plaintiff, *Pro Se*
1385 York Avenue, Suite 32-B
New York, NY 10021
Tel: (212) 734-4915