```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THOMAS M. CURTIS                    :
                                    :       Case No. 13-cv-3007-DLC
                Plaintiff,          :
                                    :
           -against-                :
                                    :
CENLAR, FSB, d/b/a CENTRAL LOAN     :
ADMINISTRATION & REPORTING, CENLAR  :
AGENCY, INC., FEDERAL HOME LOAN     :
MORTGAGE CORPORATION, AMERICAN      :
SECURITY INSURANCE COMPANY, and     :
ASSURANT, INC.                      :
                                    :
                Defendants.         :
------------------------------------x
```



**MEMORANDUM OF LAW IN REPLY TO
DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND**

Thomas M. Curtis
Plaintiff, *Pro Se*
1385 York Avenue, Suite 32-B
New York, NY  10021
Tel: (212) 734-4915

**PRELIMINARY STATEMENT**

Plaintiff submits this Memorandum of Law in Reply to the Memorandum of Law by defendants American Security Insurance Company ("ASIC") and Assurant, Inc. ("Assurant") in opposition to plaintiff's motion to remand this case back to the Supreme Court of the State of New York, New York County.

**BRIEF FACTUAL STATEMENT**

This lawsuit arises out of defendants' erroneous interpretation of the property insurance provision in a mortgage on property owned by plaintiff and the imposition of force placed property insurance by defendants ASIC and Assurant when plaintiff already had property insurance and the subsequent billing of plaintiff for the duplicate policy.

The issues in defendants' Memorandum dealing with the claims by Assurant that it is not a proper party to this lawsuit are dealt with in the Reply Declaration of Thomas M. Curtis dated August 1, 2013 and submitted herewith.

Therefore, this Memorandum deals only with the belated legal argument made by defendants that the Federal Courts have jurisdiction by virtue of 12 U.S.C. §1452(f)(2) which was not provided as a reason for removal in the first place.

<u>**ARGUMENT**</u>

**POINT I**

**12 U.S.C. §1452(f)(2)
DOES NOT PROVIDE FOR EXCLUSIVE JURISDICTION**

-1-

The case at bar was commenced in the Supreme Court for the State of New York, County of New York and removed to this court by Notice of Removal dated May 3, 2013, by defendants ASIC and Assurant.

12 U.S.C. §1452(f)(2) states as follows:

> Notwithstanding section 1349 of Title 28 or any other provision of law, (1) the Corporation shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28; (2) all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, ....

Obviously, defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") may at any time before the trial remove this case from State Court to the Federal District Court but that is not what happened. Defendants' Memorandum does not cite a single case which involved removal by a party other than Freddy Mac where the issue to be decided was whether removal by a different defendant satisfied the requirements of 12 U.S.C. §1452(f)(2). The statute does not confer exclusive jurisdiction, it merely provides for jurisdiction at the option of Freddy Mac.

What defendants now argue is that the case involves a Federal question. This is a breach of contract case which turns on the meaning of the insurance terms in the mortgage and deceptive business practices by defendants. If this court decides that a

-2-

federal question is involved then remand is not proper. If a federal question is not involved then the case should be remanded because Assurant is a proper defendant based on its own advertising, it's admission that Assurant Specialty Property is the trade name under which it does business and because ASIC is not registered to do business in the State of New York.

### CONCLUSION

By virtue of the foregoing, plaintiff requests that the motion to remand be granted.

Dated: New York, New York
       August 31, 2013

Thomas M. Curtis
Plaintiff, *Pro Se*
1385 York Avenue, Suite 32-B
New York, NY 10021
Tel: (212) 734-4915

# THOMAS M. CURTIS

thomasmcurtis@yahoo.com

1385 York Avenue, Suite 32-B  
New York, NY 10021

Tel: (212) 734 4915  
Fax: (212) 535 4688  
Cell: (646) 981 8076

BY FEDERAL EXPRESS

August 1, 2013

Pro Se Office  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 200  
New York, New York 10007

     Re: <u>Curtis v. Cenlar FSB, et.al.</u> No. 13-cv-3007 (DLC)

Dear Sirs:

    I am writing you with regard to the pre-trial scheduling order dated June 18, 2013 which required that I file my Reply papers to defendants American Security Insurance Company and Assurant, Inc. Opposition to Remand on August 2, 2013.

    I am out of town and therefore submit my Reply Declaration and Memorandum by Federal Express. There are two copies of each enclosed herewith. The original is not stapled so that it may be easily scanned for filing and service on defendants and the courtesy copy is stapled.

    I am also enclosing a self addressed stamped envelope with an additional first page of each document and request that you stamp them filed and mail the stamped pages to me.

                                     Very truly yours,

                                     Thomas M. Curtis

TMC:ms



RECEIVED  
AUG - 2 2013  
PRO SE OFFICE

