IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS M. CURTIS,                     )<br>                                                      )<br>     Plaintiff,                              )<br>vs.                                              )<br>                                                      )<br>CENLAR FSB, d/b/a CENTRAL LOAN   )<br>ADMINISTRATION & REPORTING;      )<br>CENLAR AGENCY, INC., FEDERAL HOME )<br>LOAN MORTGAGE CORPORATION;      )<br>AMERICAN SECURITY INSURANCE       )<br>COMPANY; and ASSURANT, INC.          )<br>                                                      )<br>     Defendants.                          )    | ECF Case No. 13-cv-3007 (DLC) |

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION TO DISMISS BY DEFENDANTS
ASSURANT, INC., AND AMERICAN SECURITY INSURANCE COMPANY**

SULLIVAN & WORCESTER LLP
1633 Broadway
New York, New York 10019
(212) 660-3069

JORDEN BURT LLP
175 Powder Forest Drive
Suite 301
Simsbury, CT 06089
(860) 392-5000

*Attorneys for Defendants
Assurant, Inc. and American
Security Insurance Company*

Dated: New York, New York
          August 9, 2013

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

ARGUMENT .................................................................................................................................2

    A.    Plaintiff Concedes that His Claim is Barred by the Filed Rate Doctrine..................2

    B.    Plaintiff Concedes That FDUTPA Does Not Apply to Insurers..............................4

    C.    Plaintiff Relies On Incorrect Legal Standards .........................................................5

    D.    Plaintiff Fails To Demonstrate Assurant, Inc.'s Connection To The Controversy................................................................................................................6

    E.    Plaintiff Fails to State Claims Against ASIC Upon Which Relief Can be Granted....................................................................................................................8

    F.    Plaintiff's Lack of Standing Does Not Justify Remand..........................................9

CONCLUSION.............................................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411 (E.D. Pa. 2005) ............................6

*Akzona Inc. v. E.I. Du Pont de Nemours & Co.*, 607 F. Supp. 227 (D. Del. 1984)........................6

*Almonte v. Public Storage Inc.*, No. 11 Civ. 1404(DLC), 2011 WL 3902997 (S.D.N.Y. Sept. 2, 2011) ...............................................................................................................4

*Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2d Cir. 2011)....................................5

*Betts v. Peterson*, No. 10–CV–00568A(F), 2010 WL 4140824 (W.D.N.Y. Oct. 21, 2010)...................................................................................................................................5

*Cannon v. Wells Fargo Bank*, No. C–12–1376 EMC, 2013 WL 3388222 (N.D. Cal. July 5, 2013)...............................................................................................................8

*Clarex Ltd. v. Natixis Securities America LLC*, No. 12 Civ. 0722 (PAE), 2012 WL 4849146 (S.D.N.Y. Oct. 12 2012)........................................................................4

*Darrick Enters. v. Mitsubishi Motors Corp.*, No. 05–4359(NLH), 2007 WL 6813810 (D.N.J. Jan. 19, 2007)...................................................................................8

*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).......................................................................5

*Flood v. Kuhn*, 312 F. Supp. 404 (S.D.N.Y. 1970).........................................................................3

*Francis v. Bridgestone Corp.*, No. 2010/30, 2011 WL 2650599 (D.V.I. July 6, 2011) ..................7

*In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300 (3d Cir. 2010)

*Kahn v. Chase Manhattan Bank, N.A.*, 760 F. Supp. 369 (S.D.N.Y. 1991) ...................................3

*Kiryas Joel Alliance v. Village of Kiryas Joel*, 495 Fed. App'x 183 (2d Cir. 2012) ......................4

*Lee v. American Nat. Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) ........................................................9

*Luckett v. Bure*, 290 F.3d 493 (2d Cir. 2002) ................................................................................4

*Montanez v. HBSC Mortgage Corp. USA*, 876 F. Supp. 2d 504 (E.D. Pa. 2012) .........................6

*Rodeo Family Enterprises, LLC v. Matte*, 99 A.D.3d 781, 783, 952 N.Y.S.2d 581, 583 (2d Dep't 2012).................................................................................................................6

*Roberts v. Wells Fargo Bank, N.A.*, No. 4:12-CV-200, 2013 WL 1233268 (S.D. Ga. Mar. 27, 2013)..............................................................................................................6, 7

*Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381 (1998) .................................................6

*Servedio v. State Farm Ins. Co.*, 889 F. Supp. 2d 450 (E.D.N.Y. 2012) ........................................3

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .........................................................7

*SUS, Inc. v. St. Paul Travelers Group*, 75 A.D.3d 740, 905 N.Y.S.2d 321 (N.Y. App. Div. 2010) ................................................................................................................. 3

*Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010) ................................. 6

**Statutes**

12 U.S.C. §1452 .............................................................................................................................. 4

28 U.S.C. §1331 .............................................................................................................................. 4

28 U.S.C. §1332 .............................................................................................................................. 4

Fla. Stat. §501.212 .......................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................................. 5

Fed. R. Civ. P. 12(b)(1) ........................................................................................................... passim

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... passim

N.Y. Civ. Prac. L. & Rules 3211 .................................................................................................... 5

## INTRODUCTION

Defendants American Security Insurance Company ("American Security") and Assurant, Inc. ("Assurant") (collectively, the "Assurant Defendants"), submit this Reply Memorandum of Law in further support of their Motion to Dismiss ("Motion"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the Verified Complaint in this action (the "Complaint") for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. The Motion should be granted, because Plaintiff's opposition concedes all the facts and legal principles that entitle the Assurant Defendants to dismissal.

The Complaint purports to assert claims against the Assurant Defendants under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), based on American Security's sale of a hazard insurance policy to Defendant Cenlar, the mortgage servicer for Plaintiff's Florida home. It asserts that the actions of the Assurant Defendants injured the Plaintiff by causing him to pay a price for the policy that was "inflated" by commissions that American Security allegedly paid to a Cenlar affiliate. (Complaint, ¶ 96.) The Assurant Defendants moved to dismiss the Complaint on three grounds:

    1.    Under the filed rate doctrine, Plaintiff's payment of insurance prices that were filed with the Florida Office of Insurance Regulation ("FLOIR") does not constitute a legally cognizable injury that would give him standing to assert a claim against the Assurant Defendants.

    2.    Plaintiff lacks standing to assert a claim against Assurant, because his Complaint fails to allege that Assurant committed any act that could have caused his alleged injury.

    3.    The Complaint fails to state a claim under the FDUTPA, because "FDUTPA does not apply to insurance companies."

In his opposition, Plaintiff does not attempt to deny that the facts and authorities set forth in the Assurant Defendants' moving papers establish that the filed rate doctrine applies to this case; in fact, Plaintiff acknowledges that the basis for the defense has been set forth "in

exquisite detail."[1]  Plaintiff's opposition also makes no attempt either (i) to show that a claim under the FDUTPA can validly be asserted against the Assurant Defendants, or (ii) to distinguish any of the authorities to the contrary that the Assurant Defendants cited in their brief.[2]  Plaintiff does make a few factual allegations about Assurant, but, as set forth below, none of them would suffice to give him standing, and, in any event, the filed rate doctrine and the law under FDUTPA—both of which have now been conceded—are complete defenses to Plaintiff's claims.

Instead of addressing the substance of the Motion, Plaintiff argues primarily that the Court should not consider the declarations and exhibits that the Assurant Defendants proffered in support of their filed rate defense.  Plaintiff's argument is wrong, because the Motion is governed by the Federal Rules of Civil Procedure, and because the materials in question were properly filed under Fed. R. Civ. P. 12(b)(1).  Even under state court procedures, however, the court could properly consider these materials in connection with a motion challenging a plaintiff's standing under N.Y. Civ. Prac. L. & Rules 3211(a)(3).

Because the Assurant Defendants' Motion is procedurally proper, and because Plaintiff has conceded the merits of the Motion, the Motion should be granted, and the Complaint should be dismissed.

---

[1]  Declaration of Thomas M. Curtis in Opposition to the Motion to Dismiss the Complaint by American Security Insurance Company and Assurant, Inc., Dkt. No. 32) (the "Curtis Decl."), ¶ 14.

[2]  *See* Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint, Dkt. No. 31 (the "Pl. Br."), at 1-4.

2

**ARGUMENT**

**A.     Plaintiff Concedes that His Claim is Barred by the Filed Rate Doctrine.**

The facts on which the Assurant Defendants base their filed rate defense are now undisputed.  Plaintiff admits that "[t]he Voyles Declaration sets forth in exquisite detail the Florida rate filings for ASIC and offers **proof that the premiums were approved by the State of Florida**."  (Curtis Decl., ¶ 14; emphasis added.)  He does not purport to dispute either that evidence or the underlying facts.  Consequently, those facts may be deemed fully established. *See, e.g.*, *Flood v. Kuhn*, 312 F. Supp. 404, 409 (S.D.N.Y. 1970) ("Based upon the unrebutted affidavit submitted by defendant St. Louis Club, plaintiff has not suffered and is not threatened with suffering any injury,. . . [and] plaintiff lacks standing to maintain this action."); *Kahn v. Chase Manhattan Bank, N.A.*, 760 F. Supp. 369, 375 (S.D.N.Y. 1991) (dismissing claims for lack of standing, based on unrebutted facts which "sever[ed] any causal link between" between the claims against the defendants and injuries alleged).

Neither does Plaintiff dispute any of the legal authorities cited by the Assurant Defendants, which show that a plaintiff who alleges injury based on his having paid "more than [his insurance coverage] . . . was worth" lacks standing, because the doctrine "establishes, as a matter of law, that the value of the coverage [the plaintiff] obtained . . . was precisely equal to the premium he paid."  *Servedio v. State Farm Ins. Co.*, 889 F. Supp. 2d 450, 453 (E.D.N.Y. 2012).[3]

For both reasons, Plaintiff has failed to meet his burden of demonstrating a cognizable injury for which he has standing to sue, and all of his claims against the Assurant Defendants

---

[3]     *See* Assurant Defendants' Memorandum in Support of the Motion to Dismiss, Dkt. No. 16; (the "Assurant Br."), at 7-12.

3

should be dismissed pursuant to Rule 12(b)(1). *See Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) (in resolving a question of jurisdiction, the Court may refer to evidence outside the pleadings, and the plaintiff asserting subject-matter jurisdiction has the burden of proving that it exists by a preponderance of the evidence); *Kiryas Joel Alliance v. Village of Kiryas Joel*, 495 Fed. App'x 183, 188 (2d Cir. 2012) (where a Rule 12(b)(1) motion is based on lack of standing, this burden of proof requires plaintiffs to allege "facts that affirmatively and plausibly suggest [that they] have standing to sue.").[4]

### B. Plaintiff Concedes That FDUTPA Does Not Apply to Insurers.

By its terms, the FDUTPA does not apply to "[a]ny person or activity regulated under laws administered by" the FLOIR, which reports to Florida's Financial Services Commission. Fla. Stat. § 501.212(4)(a). "As such, FDUTPA does not apply to insurance companies." *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010).

The Assurant Defendants cited these and other authorities in their moving papers. (*See* Assurant Br. at 13-14.) In his opposition, Plaintiff neither challenges the authority cited by the Assurant Defendants nor offers any contrary authority of his own.

It is now undisputed, therefore, that Plaintiff's claims under FDUTPA—the only claims that are asserted against the Assurant Defendants—fail to state claims on which relief can be

---

[4] The Assurant Defendants have moved for dismissal under Rule 12(b)(6) as well as under Rule 12(b)(1). The analysis under Rule 12(b)(6) does not implicate subject matter jurisdiction, and Plaintiff does not contest (and thereby concedes) those grounds for dismissal. However, some courts have analyzed filed rate doctrine challenges under Rule 12(b)(6), where such challenge "derives from [the complaint's] allegations." *See Roberts v. Wells Fargo Bank, N.A.*, No. 4:12-CV-200, 2013 WL 1233268, *8 (S.D. Ga. Mar. 27, 2013) (noting the "filed rate defense is best addressed in a 12(b)(6) motion"). Dismissal under Rule 12(b)(6) is with prejudice and entitled to preclusive effect. *See Clarex Ltd. v. Natixis Securities America LLC*, No. 12 Civ. 0722 (PAE), 2012 WL 4849146, *9 (S.D.N.Y. Oct. 12 2012) ("a typical dismissal under Rule 12(b)(6), *i.e.,* for failure to state a claim, is an adjudication on the merits with preclusive effect.").

granted and should be dismissed. *See, e.g.*, *Almonte v. Public Storage Inc.*, No. 11 Civ. 1404(DLC), 2011 WL 3902997, *3 (S.D.N.Y. Sept. 2, 2011) (dismissing pro se plaintiff's statutory claims that do not apply on their face to defendants); *see also* Fla. Stat. § 501.212(4)(a); *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010).

**C.     Plaintiff Relies On Incorrect Legal Standards.**

Plaintiff's Opposition asserts that the evidence the Assurant Defendants submitted in support of their Motion could not properly be considered in connection with a motion under N.Y. Civ. Prac. L. & Rules 3211(a)(1) and (7), and should not be considered here, because they supposedly do not "qualify" as documents that are "unambiguous and of undisputed authenticity." (Pl. Br. at 2-3.)  This argument is unavailing in several different respects.

First, the proceedings in this Court are governed by the Federal Rules of Civil Procedure.[5]  The evidence to which Plaintiff objects was submitted in support of the Assurant Defendants' Motion under Fed. R. Civ. P. 12(b)(1), challenging Plaintiff's standing pursuant to the filed rate doctrine.  A court hearing a motion to dismiss for lack of standing under Rule 12(b)(1) may consider evidence outside the pleadings.  *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

Second,  the Assurant Defendants *also* moved under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim, based on the fact that the FDUTPA does not apply to insurers.  Since

---

[5]     As explained in the Assurant Defendants' opposition to Plaintiff's motion to remand, in this action, the Court has **both** federal question jurisdiction under 12 U.S.C. §1452(f)(2) and 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.   Under either basis, proceedings in this Court would be governed by the Federal Rules. *See Fed. R. Civ. P. 1; Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *Betts v. Peterson*, No. 10–CV–00568A(F), 2010 WL 4140824, *5 (W.D.N.Y. Oct. 21, 2010) ("N.Y. CPLR 3211 pertains only to a motion to dismiss an action in state court. . . .  [A]s a removed action, the question is governed by" Federal Rule 12).

Plaintiff has conceded the validity of that motion, his Complaint would have to be dismissed, even if the Assurant Defendants could not establish his lack of standing.

Third, even if the motion to dismiss for lack of standing was governed by the relevant provision of the CPLR, it would **still** have been proper for the Court to consider documentary evidence outside the scope of the Complaint.  *See, e.g.*, *Rodeo Family Enterprises, LLC v. Matte*, 99 A.D.3d 781, 783, 952 N.Y.S.2d 581, 583 (2d Dep't 2012) ("the documentation submitted by [defendant] in support of . . . its motion . . . to dismiss . . . pursuant to CPLR 3211(a)(3) for lack of standing conclusively established that there was no privity of contract . . .").

Finally, the documentary evidence showing that the premium Plaintiff paid for his insurance is based on rates duly filed with the FLOIR is, indeed, "unambiguous and of undisputed authenticity," and Plaintiff has admitted as much.  (Curtis Decl., ¶ 14.)

D.      **Plaintiff Fails To Demonstrate Assurant, Inc.'s Connection To The Controversy.**

The Assurant Defendants' Motion also showed that Plaintiff lacks standing to sue Assurant, because his Complaint fails to allege any acts by Assurant that are causally related to his alleged injury.  In fact, the Complaint alleges only that Assurant is a corporate parent of American Security, that it had "knowledge" of and "ratified" American Security's "business arrangement" with Cenlar, and that it received "profits" from that arrangement.  (Complaint, ¶¶ 10, 94-94.)  As the Assurant Defendants demonstrated, a subsidiary is "a distinct legal entity and is not liable for the actions of its parent or sister corporations simply by dint of the corporate relationship."  *Montanez v. HBSC Mortgage Corp. USA*, 876 F. Supp. 2d 504, 517 n.15 (E.D. Pa. 2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 n.44 (3d Cir. 2010)); *SUS, Inc. v. St. Paul Travelers Group*, 75 A.D.3d 740, 743, 905 N.Y.S.2d 321, 324-25 (N.Y. App.

Div. 2010) ("liability can never be predicated solely upon the fact of a parent corporation's ownership of a controlling interest in the shares of its subsidiary").

Plaintiff spends most of his Opposition discussing whether Assurant is a proper party to the suit.  The standard he apparently believes controls, that "Assurant's relationship to the claims in the Complaint are [sic] adequately established for the purposes of pleading" (*see* Curtis Decl., ¶ 36), is found nowhere in Second Circuit law.  Rather, as set forth in the Assurant Defendants' opening brief, it is Plaintiff's burden to establish by a preponderance of evidence that he has standing to sue Assurant.  *E.g.*, *Amidax Trading Group*, 671 F.3d at 145.  He has failed to satisfy that requirement.

While Plaintiff raises a smoke screen about (i) email domain names that, unsurprisingly, are similarly branded amongst affiliated companies, and (ii) Google maps which purport to show affiliated companies sharing a building address, none of that "evidence" suggests that Assurant had any connection to this controversy.  As numerous courts have explained, large corporate families routinely submit consolidated reports and speak in generic language when describing the activities of operating subsidiaries, but these facts do not establish that a parent is carrying out – or liable for – its subsidiaries' activities.  *See, e.g.*, *Francis v. Bridgestone Corp.*, CV No. 2010/30, 2011 WL 2650599, at *9 (D.V.I. July 6, 2011) (collecting and summarizing caselaw); *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 423-24 (E.D. Pa. 2005); *Darrick Enters. v. Mitsubishi Motors Corp.*, No. 05–4359(NLH), 2007 WL 6813810, at *6 (D.N.J. Jan. 19, 2007); *Akzona Inc. v. E.I. Du Pont de Nemours & Co.*, 607 F. Supp. 227, 237 (D. Del. 1984).

What Plaintiff's lengthy Declaration does not, and cannot do, is link any actions of Assurant to his purported injuries. In fact, Plaintiff concedes the critical facts which demonstrate that Assurant has no connection to the controversy.  Plaintiff does not dispute that Assurant did

7

not issue the policies at issue, and he explicitly concedes that Assurant is not a party to any agreement with Cenlar. (Curtis Decl., ¶ 36) ("Of course, Assurant is not a party to the agreements in the direct sense."). The test for Article III standing is traceability – a causal connection between the injury and the alleged actions. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). As another court recently held when faced with an identical question, plaintiff has not demonstrated that causal connection, and his claims should be dismissed. *See Roberts v. Wells Fargo Bank, N.A.*, No. 4:12-cv-200, 2013 WL 12332268, at *4-8 (S.D. Ga. Mar. 27, 2013).

### E. Plaintiff Fails to State Claims Against ASIC Upon Which Relief Can be Granted

In addition to the claims set forth in the Complaint, Plaintiff's declaration suggests he might also like to assert a new claim against American Security, based on purported "backdating" of the coverage provided by American Security (*see* Curtis Decl., ¶¶ 47-49). Even if Plaintiff were to properly assert such claims, they would fail. Plaintiff's coverage was automatically in place and effective as of the date he failed to maintain the required coverage. (Wilson Decl., Ex. G (Dkt. No. 13-7)). The fundamental flaws in the "backdating" claim were recognized in *Cannon v. Wells Fargo Bank*, No. C–12–1376 EMC, 2013 WL 3388222, at *4-6 (N.D. Cal. July 5, 2013) (dismissing all claims based on backdating, because the mortgage contract contemplates continuous coverage, and lenders have a reasonable need to secure continuous protection). The *Cannon* court found, as a matter of law (and logic), that uninterrupted coverage is reasonable because, among other reasons, latent damage occurring during the "backdated" period may become apparent later, and no prudent bank would take the borrower's word that no damage had occurred. *Id*. at *6. For the same reasons, any claims here related to backdating should be dismissed.

## F.     Plaintiff's Lack of Standing Does Not Justify Remand.

Finally, because the Assurant Defendants argue that Plaintiff's lack of standing makes it appropriate to dismiss his case for lack of subject matter jurisdiction, Plaintiff argues that his own lack of standing could be a basis for granting his pending motion to remand the entire case—including the claims against Cenlar and Freddie Mac that will still be pending, no matter how this Motion is decided. (Curtis Decl., ¶ 5.) Plaintiff's argument confuses different elements of jurisdiction.

In arguing that this Court's jurisdiction is proper, the Assurant Defendants have argued that the Court has original, subject matter jurisdiction over Plaintiff's claims, pursuant to 12 U.S.C. § 1452(f)(2) and 28 U.S.C. § 1331, because Freddie Mac is a party to the case. The Assurant Defendants further argue that the Court also has subject matter jurisdiction under 28 U.S.C. § 1332, because the parties are diverse, and the matter in controversy exceeds the statutory minimum.

The Assurant Defendants' Motion is consistent with those positions; it argues that Plaintiff lacks Article III standing, which relates to the question of justiciability, not to any requirement of the statutes cited above. Where, as here, the defendants in a removed case succeed in establishing the plaintiff's lack of *standing*; and where, as here, the Court retains jurisdiction over the claims that are not affected by the standing issue, and so will remain in the case; remand is not an appropriate remedy. *Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001). In *Lee*, the Court of Appeals cited *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 391-92 (1998), and it noted that, "[a]fter determining that the case was properly removed to federal court at the outset, the Supreme Court rejected the Plaintiff's

contention that 'if the 'district court lacks subject matter jurisdiction' over *any* claim, then *every* claim, i.e., the entire 'case,' must be 'remanded' to the state court.'") (emphasis in original).

## CONCLUSION

For the foregoing reasons, and those set forth in the Assurant Defendants' Motion to Dismiss and Memorandum in Support thereof, the Assurant Defendants respectfully request that Plaintiff's claims against the Assurant Defendants be dismissed with prejudice pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Dated:  August 9, 2013                                         Respectfully submitted,


By: *Robert D. Helfand*
JORDEN BURT LLP
Robert D. Helfand
Jorden Burt LLP
175 Powder Forest Drive
Suite 301
Simsbury CT 06089
Telephone: 860-392-5000
Facsimile: 860-392-5058

SULLIVAN & WORCESTER LLP
Andrew T. Solomon
Karen E. Abravanel
1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendants American Security Insurance Company and Assurant, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on August 9th, 2013, I caused true and correct copies the foregoing Reply to be served by ECF filing on counsel for Cenlar, FSB, d/b/a Central Loan Administration & Reporting, Cenlar Agency, Inc. and Federal Home Loan Mortgage Corporation and by U.S. Mail and electronic delivery on Plaintiff at the following address.

> Thomas M. Curtis, Esq.
> Law Office of Thomas M. Curtis
> 1385 York Avenue, Suite 32 B
> New York, New York 10021
> thomasmcurtis@yahoo.com

*Robert D. Helfand*
Robert D. Helfand

264290