```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
THOMAS M. CURTIS,                        :
                                         :
                    Plaintiff,           :   13 Civ. 3007 (DLC)
         -v-                             :
                                         :   OPINION & ORDER
CENLAR FSB, d/b/a CENTRAL LOAN           :
ADMINISTRATION & REPORTING; CENLAR       :
AGENCY, INC., FEDERAL HOME LOAN          :
MORTGAGE CORPORATION; AMERICAN           :
SECURITY INSURANCE COMPANY; and          :
ASSURANT, INC.,                          :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

For the plaintiff:

Thomas M. Curtis, proceeding pro se
1385 York Avenue, Suite 32-B
New York, NY 11021

For the defendants Assurant, Inc., and
American Security Insurance Company:

Robert D. Helfand
Jorden Burt
Jorden Burt, LLP
175 Powder Forest Drive, Suite 301
Simsbury, CT 06089

Andrew T. Solomon
Karen E. Abravanel
Sullivan & Worcester, LLP
1633 Broadway
New York, NY 10019


DENISE COTE, District Judge:

   On June 14, 2013, pro se plaintiff Thomas M. Curtis filed a

motion to remand this case to state court on the basis of

purported lack of subject matter jurisdiction.  Because this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 and 12 U.S.C. § 1452(f)(2), the motion is denied.

BACKGROUND

Pro se plaintiff Thomas M. Curtis ("Curtis") filed this breach of contract action in state court against defendants the Federal Home Loan Mortgage Corporation ("Freddie Mac"), Cenlar FSB, American Security Insurance Co., and Assurant, Inc. (collectively, "the defendants").  On May 3, 2013, the defendants filed a notice of removal of this case to federal court.  On June 14, 2013, Curtis filed a motion to remand this case to state court for purported lack of subject matter jurisdiction.

DISCUSSION

Under 28 U.S.C. § 1331 a federal court has federal question subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The codified statute that created Freddie Mac, 12 U.S.C. § 1452(f)(2), ("Section 1452(f)(2)) provides as follows:

> [A]ll civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value.

12 U.S.C. § 1452(f)(2).

Freddie Mac is a party here. This action is a civil action. Therefore this action is "deemed to arise under the laws of the United States," and this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and Section 1452(f)(2). See, e.g., Mendrala v. Crown Mortgage Co., 955 F.2d 1132, 1136 (7th Cir. 1992) ("the legislative history of 12 U.S.C. § 1452(f) . . . suggests that this part of the provision is indeed concerned . . . with suing in and removing to federal court.").

Curtis contends that Section 1452(f)(2) does not give this Court subject matter jurisdiction because it only allows Freddie Mac, not other defendants, to remove to federal court, and that Freddie Mac is not the moving party here. In addition to being conclusory, Curtis's argument is misplaced because it confuses a statutory grant of jurisdiction with a removal statute. Section 1452(f)(2) is not itself a removal provision. It is a conferral of jurisdiction and does not speak to which party can remove. The process of removal itself is governed by 28 U.S.C. § 1441 ("Section 1441"), which provides that

> Except as otherwise provided by Act of Congress any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (emphasis added).  In the absence of contrary federal law, Section 1441 only requires that the moving party be "the defendant" and that the court to which the action is removed has "original jurisdiction."

It is true that 12 U.S.C. §1452(f)(3)("Section 1452(f)(3)") does speak to the mechanics of removal.  Section 1452(f)(3) provides that:

> [A]ny civil or other action . . . [may] be removed by [Freddie Mac], without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending . . . by following any procedure for removal of causes in effect at the time of such removal.

12 U.S.C. § 1452(f)(3).  But nothing in Section 1452(f)(3) limits the right of other defendants to remove under the general Section 1441 removal provision when a federal court would have had original subject matter jurisdiction.  And Section 1452(f)(2) expressly provides that "district courts of the United States shall have original jurisdiction" over cases "to which [Freddie Mac] is a party."  Consequently this Court has federal question jurisdiction here.  Other district courts have come to the same conclusion.  See, e.g., Fed. Home Loan Mortgage Corp. v. Matassino, 911 F. Supp. 2d 1276, 1278 (N.D. Ga. 2012) (noting in a case in which a party who was not Freddie Mac removed that "the unambiguous language of [Section 1452(f)(2)] gives this court original and removal jurisdiction over a civil

4

action to which Freddie Mac is a party").[1]

CONCLUSION

Curtis's June 14, 2013 motion to remand this case to state court is denied.

SO ORDERED

Dated:   New York, New York
         October 3, 2013

                              _____
                                    DENISE COTE
                              United States District Judge

---

[1] Because this Court has federal question jurisdiction it is unnecessary to determine whether it also has diversity jurisdiction.  See 28 U.S.C. § 1332.

5