UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
THOMAS M. CURTIS,                      :
                                       :
                    Plaintiff,         :         13 Civ. 3007 (DLC)
          -v-                          :
                                       :         OPINION & ORDER
CENLAR FSB, d/b/a CENTRAL LOAN         :
ADMINISTRATION & REPORTING; CENLAR     :
AGENCY, INC., FEDERAL HOME LOAN        :
MORTGAGE CORPORATION; AMERICAN         :
SECURITY INSURANCE COMPANY; and        :
ASSURANT, INC.,                        :
                                       :
                    Defendants.        :
                                       :
-------------------------------------- X


APPEARNACES:

For the plaintiff:

Thomas M. Curtis, proceeding pro se
1385 York Avenue, Suite 32-B
New York, NY 11021

For the defendants Assurant, Inc., and American Security
Insurance Company:

Robert D. Helfand
Jorden Burt
Jorden Burt, LLP
175 Powder Forest Drive, Suite 301
Simsbury, CT 06089

Andrew T. Solomon
Karen E. Abravanel
Sullivan & Worcester, LLP
1633 Broadway
New York, NY 10019

DENISE COTE, District Judge:

On June 7, 2013, defendants Assurant, Inc. ("Assurant") and American Security Insurance Company ("American Security") (collectively "Assurant defendants") filed a motion to dismiss the complaint of <u>pro se</u>[1] plaintiff Thomas M. Curtis ("Curtis") on the grounds that Curtis lacks standing to sue them and that he fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). For the following reasons the motion to dismiss is granted pursuant to Rule 12(b)(6).

BACKGROUND

This action arises out of a dispute over whether Curtis was required to purchase wind insurance on a second home located in West Palm Beach, Florida. In December 2008, Curtis purchased the second home. Curtis's mortgage is held by co-defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") and is serviced by co-defendant Cenlar, FSB, and/or Cenlar Agency, Inc. (collectively "Cenlar"). The Mortgage provides in relevant part that:

> Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term 'extended coverage,' and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance.

---

[1] Mr. Curtis is an attorney.

Concurrently with the purchase of the home, Curtis acquired a homeowners property insurance policy.  The policy excluded coverage for damage caused by wind.  Curtis renewed the insurance policy each year thereafter with some modifications, but he never obtained wind coverage.

In October 2012, Cenlar sent a letter to Curtis informing him that the terms of his mortgage purportedly required him to acquire wind insurance.  Curtis responded that wind coverage was not specifically required by his mortgage and that Cenlar had accepted his insurance policy for the prior three years.  Following Curtis's refusal to purchase wind coverage, Cenlar purchased a policy which included wind coverage on his behalf at an annual premium of $7,512.91, which was billed to Curtis's escrow account.  That policy was issued by American Security, a co-defendant and movant here.  American Security is a subsidiary of Assurant, also a co-defendant and movant here.

On April 4, 2013, Curtis filed this complaint against Cenlar, Freddie Mac, American Security, and Assurant in the Supreme Court of the State of New York, County of New York. Curtis makes several claims against the various defendants in his complaint.  Only one of the claims is alleged against the two moving Assurant defendants.[2]  Curtis claims that an

---

[2] Curtis styles this claim as two different "causes of action" against the Assurant defendants.  But they are both predicated

arrangement between Cenlar and the Assurant defendants improperly inflated the price of the insurance policy placed on his home by Cenlar.  Curtis alleges that "Cenlar direct[ed] its right to contract for property insurance on behalf of lenders pursuant to mortgage requirements to American Security," and that "[t]he actual cost of the insurance thus placed is inflated by commissions and other remuneration paid to Cenlar."  He argues that inflating the price of insurance in this manner violates the Florida Deceptive and Unfair Trade Practices Act, which provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Fla. Stat. § 501.204(1).  Curtis seeks "not less than $50,000" in damages, and attorneys fees and a declaratory judgment.

On May 3, 2013, American Security filed a Notice of Removal to this Court.  On June 14, 2013, Curtis filed a motion to remand this case to state court on the ground that this Court lacked subject matter jurisdiction over the claims.  The motion to remand was denied in an Opinion and Order of October 3, 2013. See Curtis v. Cenlar FSB, 13 CIV. 3007 (DLC), 2013 WL 5495554

---

on identical purportedly improper conduct by the Assurant defendants, and the only difference between them is that Curtis seeks damages in one and attorneys fees and a declaratory judgment in the other.  They will be treated as one claim here.

(S.D.N.Y. Oct. 3, 2013).  On June 7, 2013, the Assurant
defendants filed this motion to dismiss for lack of standing,
pursuant to Rule 12(b)(1), and for failure to state a claim upon
which relief can be granted, pursuant to Rule 12(b)(6).  At a
June 14 conference Curtis represented that he did not wish to
amend his complaint in response to the motion to dismiss.

DISCUSSION

     Although the Assurant defendants bring their motion to
dismiss under both standing and failure to state a claim
theories, their arguments are not properly characterized as
standing arguments.  All of the defendants' contentions concern
the legal merits of Curtis's complaint.  They reason that
because Curtis loses on the merits, he has not suffered any
"cognizable injury that is traceable to the acts of the Assurant
defendants and he lacks standing to sue them."  But this
reasoning would allow any Rule 12(b)(6) motion to be restyled as
a Rule 12(b)(1) standing motion.  While standing and merits
questions frequently overlap, standing is fundamentally about
the propriety of the <u>individual</u> litigating a claim irrespective
of its legal merits, while a Rule 12(b)(6) inquiry is concerned
with the legal merits of the claim itself.  <u>See generally</u> <u>Allen</u>
<u>v. Wright</u>, 468 U.S. 737, 751 (1984) (defining the standing
inquiry as "to ascertain whether the particular plaintiff is

entitled to an adjudication of the particular claims asserted."). Here, the defendants are not contending that Curtis is the wrong individual to bring these legal claims; they are arguing that the claims are simply not legally cognizable. Consequently, although "the jurisdictional [standing] issue must be resolved before the merits issue" in a case, <u>Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.</u>, 436 F.3d 82, 85 (2d Cir. 2006), the defendants' arguments are not properly understood as standing arguments and this motion will be decided under Rule 12(b)(6).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted). Applying this plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 679. When considering a motion to dismiss, a trial court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." <u>LaFaro v. New York Cardiothoracic Group, PLLC</u>, 570 F.3d 471, 475 (2d Cir. 2009). A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual

6

allegation." Iqbal, 556 U.S. at 678.

The Assurant defendants bring their motion to dismiss on two separate grounds. They rely on the Filed Rate Doctrine and on the fact that the Florida statute on which Curtis relies does not apply to insurance companies. The motion to dismiss is properly granted on either ground.

A. The Filed Rate Doctrine

The Assurant defendants argue that the "Filed Rate Doctrine" bars Curtis's claims that Cenlar and the Assurant defendants entered into a business arrangement whereby Cenlar was paid commissions for placing property insurance wherein "the actual cost of the insurance . . . [was] inflated." Curtis does not respond to the Assurant defendants' Filed Rate Doctrine defense in his opposition to their motion to dismiss.

The Second Circuit recognizes the Filed Rate Doctrine:

> The filed rate doctrine bars suits against regulated utilities grounded on the allegation that the rates charged by the utility are unreasonable. Simply stated, the doctrine holds that any 'filed rate' -- that is, one approved by the governing regulatory agency -- is per se reasonable and unassailable in judicial proceedings brought by ratepayers.

Wegoland Ltd. v. NYNEX Corp., 27 F.3d 17, 18 (2d Cir. 1994). "[T]wo corresponding interests, one concerned with potential 'discrimination' in rates as between ratepayers and the other concerned with the 'justiciability' of determining reasonable rates, have turned up in Supreme Court decisions discussing the

filed rate doctrine." Id. at 19.  The Filed Rate Doctrine must
be applied rigorously any time a plaintiff's claim would require
a court to second guess the reasonableness of a rate set by a
regulated entity:

> [T]he doctrine is applied strictly to prevent a plaintiff
> from bringing a cause of action even in the face of
> apparent inequities whenever either the nondiscrimination
> strand or the nonjusticiability strand underlying the
> doctrine is implicated by the cause of action the plaintiff
> seeks to pursue.

Marcus v. AT&T Corp., 138 F.3d 46, 59 (2d Cir. 1998).

While the Filed Rate Doctrine often arises in the context
of federal regulators, the Second Circuit has said that "the
rationales underlying the filed rate doctrine apply equally
strongly to regulation by state agencies." Wegoland, 27 F.3d at
20.  Florida insurance company rates are regulated by the
Florida Office of Insurance Regulation.  See Fla. Stat. §
626.9541(1)(o) (providing that insurance rates in Florida be
"filed and approved by the [Office of Insurance Regulation]").
District courts in the Second Circuit consistently apply the
Filed Rate Doctrine in the insurance context.  See, e.g.,
Servedio v. State Farm Ins. Co., 889 F. Supp. 2d 450, 453
(E.D.N.Y. 2012); Roussin v. AARP, Inc., 664 F. Supp. 2d 412, 415
(S.D.N.Y. 2009).

Because American Security and Assurant are insurance
providers whose rates are subject to regulation by the Florida

8

Office of Insurance Regulation, Curtis's claim that the rates they set are inflated is not cognizable here.  Curtis makes no argument to override the clear bar set up by the Filed Rate Doctrine.  Nowhere does he allege that the Assurant defendants are not insurance companies.  Nor does he argue at any point that the charge for wind coverage was not a rate applied to him in Florida subject to regulation by the Florida Office of Insurance Regulation.  Rather, his complaint centers on the alleged impropriety of the insurance-pricing conduct of the Assurant defendants.  Whether the cost of the insurance was inflated is a question that is non-justiciable under the Filed Rate Doctrine.  Resolving that question would implicate both the rate-discrimination concern and the justiciability concern that underlie the Doctrine.  In light of this bar, Curtis's complaint against the Assurant defendants lacks "sufficient factual matter . . . to state a claim to relief that is [legally] plausible on its face."  Iqbal, 556 U.S. at 678.

Nor is Curtis's complaint saved by his allegations of improper coordination between American Security and Cenlar.  The applicability of the Filed Rate Doctrine does not turn on the conduct underlying the rate setting.  Rather, "it is [the] judicial determination of a reasonable rate that the filed rate doctrine forbids."  Wegoland Ltd., 27 F.3d at 21.  And proceeding with Curtis's complaint against the Assurant

defendants would require the Court to conduct that prohibited
inquiry.   As the Second Circuit held in the fraud context,
"[t]he fact that the remedy sought can be characterized as
damages for fraud does not negate the fact that the court would
be determining the reasonableness of rates."  Id. (emphasis and
citation omitted).

Curtis does not bring any claims against American Security
and Assurant that are not predicated on the allegedly inflated
insurance rates.   Consequently, Curtis's claims against the
Assurant defendants must be dismissed as non-justiciable
pursuant to Rule 12(b)(6).

B.  The Florida Deceptive and Unfair Trade Practices Act does
     not apply to insurance companies.

Although the Filed Rate Doctrine is independently
sufficient to require Curtis's claims against the Assurant
defendants to be dismissed, it is also true that the Florida
Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat.
§ 501.204, upon which Curtis bases all of his claims against the
Assurant defendants, does not apply to insurance companies.
Curtis's complaint against those defendants would thus have to
be dismissed on that basis alone.   Although the Assurant
defendants raise this issue in their motion, Curtis offers no
response in his opposition.

The codified FDUTPA statute expressly provides that the law

"does not apply to . . . [a]ny person or activity regulated under laws administered by . . . The Office of Insurance Regulation."  Fla. Stat. § 501.212.  Because insurance companies in Florida are regulated by that Office, district courts have held that "FDUTPA does not apply to insurance companies." Zarrella v. Pac. Life Ins. Co., 755 F. Supp. 2d 1218, 1226 (S.D. Fla. 2010) ("Pacific Life is an insurance company, so FDUTPA does not apply to claims against Pacific Life.  Accordingly, because Plaintiffs' allegations cannot support this claim as a matter of law, the Court will dismiss Plaintiffs' FDUTPA claim with prejudice."); see also Crichton v. Golden Rule Ins. Co., 576 F.3d 392, 397 (7th Cir. 2009) (affirming a district court's ruling that FDUTPA does not apply to insurance companies as "manifestly correct.").

Curtis's complaint against the Assurant defendants is predicated on their allegedly improper insurance rate setting conduct.  Nowhere in his complaint does Curtis suggest that the Assurant defendants are not companies involved in insurance "activity" in the meaning of the FDUTPA insurance exclusion.[3] Fla. Stat. § 501.212; see also W.S. Badcock Corp. v. Myers, 696 So. 2d 776, 782 (Fla. Dist. Ct. App. 1996) (setting out the criteria under Florida law for a company to be subject to

---

[3] It is worth emphasizing that one of the defendants is named American Security Insurance Company.

11

regulation under the Florida Insurance Code"). In fact, Curtis notes in his Complaint that "the Insurance Department of Cenlar is in fact run by or staffed by American Security." (emphasis added). Consequently, Curtis's claims against the Assurant defendants must be dismissed on this second ground as well.

Curtis contends that this motion is governed by New York state procedural law, and that the Assurant defendants' declarations in support of their motion to dismiss are procedurally improper. But, all actions in United States courts are governed by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 1; see also generally Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).[4]

---

[4] Curtis is correct, however, that the declarations submitted by the Assurant defendants in support of their motion to dismiss cannot be considered in adjudicating this Rule 12(b)(6) motion.

CONCLUSION

The Assurant defendants' June 7, 2013 motion to dismiss is granted in its entirety.  All claims against American Security and Assurant are dismissed.


        SO ORDERED:

Dated:    New York, New York
          November 12, 2013


                        _____
                                DENISE COTE
                        United States District Judge

Copy mailed to:

Thomas M. Curtis
Attorney At Law
1385 York Avenue, Suite 32-B
New York, NY 10021