# THOMAS M. CURTIS

**thomasmcurtis@yahoo.com**

1385 York Avenue, Apt 32-B
New York, NY    10021

Tel: (212) 734 4915
Cell: (646) 981 8076

BY HAND TO THE PRO SE DESK

RECEIVED
APR 14 2014
PRO SE OFFICE

April 14, 2014

Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Curtis v. Cenlar, et. al.
Case No. 13-cv-3007-(DLC) (RLE)

Dear Judge Cote:

I am writing you in response to the letter dated April 9, 2014 from Bradley L. Mitchell of Stevens & Lee (the "Mitchell Letter"). He is correct in that there were two disputes one of which is now moot. For the reasons set forth below I join in Mr. Mitchell's request for a conference regarding the remaining discovery issues. I will be out of town and/or unavailable from April 21 through May 3, 2014 and May 8 through May 16, 2014 (the last date for filing plaintiff's expert report(s). I am available this week at any time and May 5 through 7, 2014, but need notice by email or telephone.

The Mitchell Letter purported to include copies of letters dated March 28, 2014 and an email of April 7, 2014, but these documents were not included with the Mitchell Letter served on me and when I checked the document on Pacer (Docket No. 55) it did not show any attachments or enclosures. Given the foregoing I cannot be sure which letters or emails are before the Court, if any, and so I am enclosing herewith the documents which I believe the Mitchell Letter refers to. In addition, because Mr. Mitchell has been very selective in the documents which he has cited, I am enclosing the notices complained of as well as additional relevant correspondence:

DOCUMENTS REFERRED TO IN THE MITCHELL LETTER BUT NOT ENCLOSED.
1.   Letter dated 3/28/14 from Mitchell to Curtis.
2.   Email dated 4/7/14 at 2:04PM from Mitchell to Curtis.
ADDITIONAL RELEVANT DOCUMENTS.
3.   Amended Notice of Deposition dated 3/25/14 directed to defendant Freddie Mac for 4/9/14.
4.   Amended Notice of Deposition dated 3/25/14 directed to defendant Cenlar for 4/10/14.
5.   Letter dated 3/31/14 from Curtis to Mitchell responding to Item No. 1.
6.   Email dated 4/7/14 at 4:52PM from Curtis to Mitchell responding to Item No. 2.
7.   Notice of Deposition to Curtis dated 3/14/14 for 4/8/14 which required that I "bring all documents in [my]... possession, custody and control relevant to the instant matter."
8.   Email from Constantine Pourakis at Stevens & Lee dated 4/7/14 at 2:30PM withdrawing the demand for documents set forth in Item No. 7 and confirming my deposition for 4/8/14.
9.   Defendants' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) dated 3/14/14.

After receipt of the Court's order dated March 31, 2014 (Docket No. 54), I consulted with a former chair of the Commercial & Federal Litigation Section who advised me to serve amended

Hon. Denise L. Cote:                    April 14, 2014        -        Page 2

deposition notices which he said could be served on ten days notice (Items 3 & 4 were delivered by FedEx on 3/26/14) and to specify the subject matter that the witness or witnesses were required to testify to by referring to specific documents. That is what I did as the operative text in each states: "Pursuant to Federal Rules of Civil Procedure 30(b)and 34 the witness or witnesses are to have knowledge of and bring with them the following documents...."

The Commentaries to FRCP 30 state in part: "Subdivision (b)(5). A provision is added to enable a party, through service of notice, to require another party to produce documents or things at the taking of his deposition. ... but some courts have held that documents may be secured from a party only under Rule 34."

I was also following the notice served by defendants on me (Item No. 7) which required that I produce documents which was not retracted until the afternoon of the day before my deposition (Item No. 8) and then only when I informed Mr. Mitchell that he had done what he claimed I was not allowed to do. My April 7, 2014 email (Item No. 6) said that I would accept the witness without documents but reserved my right to make a motion to compel discovery on various grounds set forth in the email. After research I learned that existing case law does not support demanding documents on less than 30 days notice and I withdraw the document demand as part of the deposition notices.

However, Rule (b)(6) requires a defendant to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf...." The party designated must have knowledge of the subject matter. *Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, cited in the Mitchell Letter is not on point. In *Sugarhill* the "agent" was an employee of the defendant being deposed. Mr. Mitchell produced an employee of Cenlar (Michael Mandes) for the deposition scheduled for Freddie Mac and stated that Cenlar had designated him to testify for both defendants. The deposition transcript will demonstrate that Mr. Mandes had no knowledge of any facts to be elicited from Freddie Mac and pleaded ignorance to many questions relating to Cenlar. I believe that I am entitled to a meaningful deposition from someone with knowledge of the issues as pertains to that defendant. See: *Wultz v. Bank of China Ltd.*, 2014 WL 572527 at pg. 6 cited by the Mitchell Letter ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.").

Defendants' Initial Disclosures (Item No. 9) provided no witness information or any document identification and therefore provided no means for me to identify any witness to be deposed. Respectfully, it does not comply with Rule 26 and was not served in a timely manner. At the initial pre-trial conference on June 21, 2013, Mr. Mitchell advised me that we had to enter into a Rule 26 discovery plan. I asked him what he needed from me and he said he did not need any documents as he had what he needed. He knew that I was unaware of the Federal discovery rules and delayed his Initial Disclosures.. Had he timely served me with the Initial Disclosure the discovery process would have been different. I opposes the request for a protective order as to the deposition of Freddie Mac and join in the request for a conference or permission to make a motion to compel the attendance of an appropriate witness.

Respectfully submitted,

Thomas M. Curtis

# STEVENS & LEE
## LAWYERS & CONSULTANTS

485 Madison Avenue, 20th Floor
New York, NY  10022
(212) 319-8500 Fax (212) 319-8505
www.stevenslee.com

| | |
|---|---|
| Direct Dial: | (609) 987-6680 |
| Email: | blm@stevenslee.com |
| Direct Fax: | (610) 371-7928 |

March 28, 2014

**VIA EMAIL & FIRST CLASS MAIL**

Mr. Thomas M. Curtis
1385 York Avenue
Apt. 32B
New York, NY 10021

**Re:  Curtis v. Cenlar, FSB, d/b/a Central Loan Administration & Reporting, et al.
Case no. 13-cv-3007 (DLC)(RLE)**

Dear Mr. Curtis:

We send this letter in response to your Amended Notices of Deposition directed to Cenlar, FSB and to Federal Home Loan Mortgage Corporation, both dated March 25, 2014 (the "Amended Deposition Notices").

The Amended Deposition Notices contain requests for production of a variety of documents including: "1. The Note, Mortgage and all assignments thereof. 2. All additional documents relating to the Note and Mortgage which Freddie Mac acquired when acquiring the Note and Mortgage. 3. All communications and/or documents, other than the Interim Servicing Master Agreement previously provided, between Freddie Mac and Cenlar concerning the Note and/or Mortgage. 4. All communications and/or documents between Freddie Mac and Cenlar Agency concerning or relating to the Note and/or Mortgage. 5. All documents from Freddie Mac sent directly to Plaintiff. 6. Any additional documents which Freddy Mac intends to offer in evidence at the trial of this action." *See* Amended Notice of Deposition Directed to Defendant Federal Home Loan Mortgage Corporation, ¶¶ 1-6. The Deposition Notices also contain the following document requests: documents referred to in various paragraphs of the Interim Servicing Master Agreement, over a dozen letters from Defendant Cenlar to Plaintiff, and insurance policies concerning the premises in question. *See* Amended Notice of Deposition Directed to Defendant Cenlar, FSB, ¶¶ 1-12.

As with your previous late-served discovery requests, Defendants object to the Amended Deposition Notices for the following reasons:  the Amended Deposition Notices were served less than thirty days prior to the discovery cutoff deadline that was established by this Court's November 27, 2013 Scheduling Order [Docket No. 40].

Philadelphia   •   Reading   •   Valley Forge   •   Lehigh Valley   •   Harrisburg   •   Lancaster   •   Scranton
Wilkes-Barre   •   Princeton   •   Cherry Hill   •   New York   •   Wilmington
A PROFESSIONAL CORPORATION

# STEVENS & LEE
## LAWYERS & CONSULTANTS

March 28, 2014
Page 2

Federal Rule of Civil Procedure 16(b)(3)(A) specifically states that the scheduling order issued by the Court "must limit the time to ... *complete* discovery." (Emphasis added.) In this case, the scheduling order mandates that "all pretrial inquiry by each party into the evidence and knowledge of the other, whether by ... production of documents shall be *completed* by April 11, 2014." Scheduling Order, Docket No. 40 (emphasis added).

The requests for production of documents contained in the Amended Deposition Notices were served on or about March 25, 2014. Defendants are entitled to a response period of no less thirty days pursuant to Federal Rules of Civil Procedure 34(b)(2)(A), thus making it impossible to complete discovery within the discovery cutoff date of April 11, 2014 ordered by the Court. Therefore, your service of the Amended Deposition Notices is untimely, and we therefore demand that the Amended Deposition Notices be withdrawn. In the event that you do not formally withdraw the Amended Deposition Notices, be advised that Defendants will not respond to them as it has no obligation to do so under the Rules and existing Scheduling Order in this case.

Further, please be advised that Defendants cannot presently commit to the April 9, 2014 and April 10, 2014 deposition dates as we have depositions and hearings previously scheduled in other matters and cannot confirm client availability yet on those dates. We are available to discuss mutually agreeable dates for defendants. Please contact us about rescheduling these dates at your earliest convenience.

Regards,

STEVENS & LEE

*/s/ Bradley L. Mitchell*

Bradley L. Mitchell

BLM:ccb

| Subject: | Curtis v. Cenlar – deposition issues and schedule |
| From: | Mitchell, Bradley L. (BLM@stevenslee.com) |
| To: | thomasmcurtis@yahoo.com; |
| Cc: | CP@stevenslee.com; CCB@stevenslee.com; |
| Date: | Monday, April 7, 2014 2:04 PM |

Mr. Curtis –

Attached again is our letter to you of March 28, 2014.  Please be advised that we now reiterate our demand that Plaintiff withdraw the untimely document demands contained in your amended deposition notices to Defendants Freddie Mac and Cenlar, as well as any reference to same contained therein.  Among other reasons, the Court's recent Order of March 31, 2014, makes crystal-clear that the demand for documents pursuant to FRCP 34 contained in the amended deposition notices are untimely, and that discovery will end in this case on April 11, 2014.  Accordingly, we ask now that you please confirm that the document demand components, as well as any reference to same, contained in your recently served deposition notices have been withdrawn.

Please be advised that in the event you improperly refuse to withdraw the document demand components of your amended deposition notices, as well as any reference to same contained therein, Defendants will file an application for a protective order in connection with your improper refusal to withdraw these inappropriate requests.

Please be further advised that Defendants will produce a witness to testify on their joint behalf on Wednesday, April 9, 2014, at the place noted in your Amended Deposition notice to Federal Home Loan Mortgage Corporation.  We note that there is no start time listed in either of the amended deposition notices you have served.  Accordingly, we write to advise you that we will be present and prepared to start the deposition at 10:00 AM.

Finally, please be advised that the Defendants' witness is being produced in response to both the Freddie Mac amended deposition notice, as well as the amended deposition notice you served on Cenlar for the following day (April 10, 2014).  As this witness will testify as the joint representative of both Freddie Mac and Cenlar, we will not be producing a separate witness on April 10.  Pursuant to all issues noted above, and in accordance with the Federal Rules of Civil Procedure, the witness will testify only with respect to properly identified topics listed in the amended deposition notices.

https://us.mg5.mail.yahoo.com/neo/launch?.rand=963l6e2oblajd#3...

Regards,


Bradley L. Mitchell
STEVENS & LEE
485 Madison Avenue
20th Floor
New York, NY 10022
tel 646.254.6385 (direct dial)
tel 212.319.8500
blm@stevenslee.com

---

This email may contain privileged and confidential information and is solely for the use of the sender's intended recipient(s). If you received this email in error, please notify the sender by reply email and delete all copies and attachments. Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
THOMAS M. CURTIS                    :
                                    :        Case No. 13-cv-3007-DLC
                    Plaintiff,      :
                                    :
             -against-              :
                                    :
CENLAR, FSB, d/b/a CENTRAL LOAN     :        **AMENDED**
ADMINISTRATION & REPORTING, CENLAR  :        **NOTICE OF DEPOSITION**
AGENCY, INC., FEDERAL HOME LOAN     :        **DIRECTED TO DEFENDANT**
MORTGAGE CORPORATION, AMERICAN      :        **FEDERAL HOME LOAN**
SECURITY INSURANCE COMPANY, and     :        **MORTGAGE CORPORATION**
ASSURANT, INC.                      :
                                    :
                    Defendants.     :
----------------------------------x

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 the testimony, upon oral examination, of defendant Federal Home Loan Mortgage Corporation ("Freddy Mac"), by a witnesses or witnesses having personal knowledge of the documents and events set forth below, will be taken and transcribed by an authorized court reporter who is not an attorney or employee of an attorney for any party or prospective party herein, and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the office of Greenhouse Reporting, Inc., 875 Avenue of the Americas, Suite 1111, New York, NY 10001, (building entrance on North side of 31st Street just West of Avenue of the Americas) on April 9, 2014 with respect to evidence material and necessary in the prosecution of this proceeding.

Pursuant to Federal Rules of Civil Procedure 30(b)and 34 the witness or witnesses are to have knowledge of and bring with them

the following documents:

1.  The Note, Mortgage and all assignments thereof.

2.  All additional documents relating to the Note and Mortgage which Freddie Mac acquired when acquiring the Note and Mortgage.

3.  All communications and/or documents, other than the Interim Servicing Master Agreement previously provided, between Freddie Mac and Cenlar concerning the Note and/or Mortgage.

4.  All communications and/or documents between Freddie Mac and Cenlar Agency concerning or relating to the Note and/or Mortgage.

5.  All documents from Freddie Mac sent directly to plaintiff.

6.  Any additional documents which Freddy Mac intends to offer in evidence at the trial of this action.

Dated:  March 25, 2014

Thomas M. Curtis
Plaintiff, *Pro Se*
1385 York Avenue, Suite 32-B
New York, NY  10021
Tel: (212) 734-4915
Email: thomasmcurtis@yahoo.com

To:
Bradley L. Mitchell, Esq.
Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Tel: (212) 319-8500
Attorneys for Defendants Cenlar, FSB d/b/a
Central Loan Administration & Reporting;
Cenlar Agency, Inc.; and Federal Home
Loan Mortgage Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
THOMAS M. CURTIS                    :
                                    :    Case No. 13-cv-3007-DLC
                  Plaintiff,        :
                                    :
             -against-              :
                                    :
CENLAR, FSB, d/b/a CENTRAL LOAN     :    **AMENDED**
ADMINISTRATION & REPORTING, CENLAR  :    **NOTICE OF DEPOSITION**
AGENCY, INC., FEDERAL HOME LOAN     :    **DIRECTED TO DEFENDANT**
MORTGAGE CORPORATION, AMERICAN      :    **CENLAR FSB**
SECURITY INSURANCE COMPANY, and     :
ASSURANT, INC.                      :
                                    :
                  Defendants.       :
----------------------------------x

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 the testimony, upon oral examination, of defendant Cenlar FSB ("Cenlar"), by a witnesses or witnesses having personal knowledge of the documents and events set forth below, will be taken and transcribed by an authorized court reporter who is not an attorney or employee of an attorney for any party or prospective party herein, and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the office of Greenhouse Reporting, Inc., 875 Avenue of the Americas, Suite 1111, New York, NY 10001, (building entrance on North side of 31st Street just West of Avenue of the Americas) on on April 10, 2014 with respect to evidence material and necessary in the prosecution of this proceeding.

Pursuant to Federal Rules of Civil Procedure 30(b)and 34 the witness or witnesses are to have knowledge of and bring with them

the following documents:

1.   The Note, Mortgage and all assignments thereof.

2.   All communications and documents, other than the Interim Servicing Master Agreement previously provided, between Cenlar and Freddie Mac concerning the Note and/or Mortgage.

3.   All documents referred to in Paragraph 2.4(d) of the Interim Servicing Master Agreement concerning the Mortgage.

4.   The Status Report referred to in Paragraph 2.9(a) of the Interim Servicing Master Agreement concerning the Mortgage.

5.   All other communications concerning the Mortgage provided to Freddie Mac pursuant to Paragraph 2.9(a)&(b) of the Interim Servicing Master Agreement.

6.   All communications concerning the Note and/or Mortgage provided to Freddie Mac pursuant to Paragraph 2.10 of the Interim Servicing Master Agreement.

7.   All communications and documents between Cenlar and Cenlar Agency concerning the Note and/or Mortgage.

8.   Letters from Cenlar to plaintiff dated October 18, 2012, November 8, 2012, November 26, 2012, December 6, 2012, December 20, 2012, January 10, 2013, February 11, 2013, February 12, 2013, March 12, 2013, February 26, 2013, March 7, 2013, March 11, 2013, March 12, 2013, April 04, 2013, July 10, 2013, October 30, 2013, and February 12, 2014.

9.   The first communication from Cenlar to plaintiff which asserts that plaintiff's property insurance policy on 326

Kenilworth was insufficient for lack of wind coverage and/or for damage caused by wind.

10.  All insurance policies purchased by Cenlar insuring 326 Kenilworth.

11.  All documents received from plaintiff prior to the commencement of this action.

12. Any additional documents which Cenlar intends to offer in evidence at the trial of this action.

Dated:  March 25, 2014

Thomas M. Curtis
Plaintiff, *Pro Se*
1385 York Avenue, Suite 32-B
New York, NY  10021
Tel: (212) 734-4915
Email: thomasmcurtis@yahoo.com

To:
Bradley L. Mitchell, Esq.
Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Tel: (212) 319-8500
Attorneys for Defendants Cenlar, FSB d/b/a
Central Loan Administration & Reporting;
Cenlar Agency, Inc.; and Federal Home
Loan Mortgage Corporation

-3-

# THOMAS M. CURTIS
### thomasmcurtis@yahoo.com

**1385 York Avenue, Apt 32-B**
**New York, NY    10021**

**Tel: (212) 734 4915**
**Cell: (646) 981 8076**

BY EMAIL TO: BLM@stevenslee.com

March 31, 2014

Bradley Mitchell, Esq.
Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022

Re:  Curtis v. Cenlar, et. al.
     Case No. 13-cv-3007-(DLC) (RLE)

Dear Mr. Mitchell:

I have received your letter of March 28, 20-14 by email as I am not currently in NYC.  I served you with an amended deposition notice directed to each defendant on the advice of a very senior Federal Litigator who advised me that only 10 days notice is required for a deposition notice and that according to the FRCP a party can demand that the witness be competent to testify about specific matters and to bring various documents to the deposition.

I provided more than ten days notice.  If your theory is correct that thirty days notice is required then your notice dated March 14, 2014 to me (received by mail on March 17, 2014) for my deposition was not timely.  In addition, you demanded that I bring all documents to the deposition without any limiting factors.

If you cannot appear on April 9 and 10, 2014, then I suggest that you make an application to Judge Cote for an extension of the April 11, 2014 date for the end of discovery.

Please be advised that I set the date for defendants' depositions just as you set the date for my deposition.  I am a single individual and stated that I would appear. I also note that your letter did not state that no one with knowledge of the subject matter was available for each defendant on the dates set forth in the notices.  Defendants are represented by Stevens & Lee, a firm with many attorneys and I am sure that there are some other attorneys in your firm qualified to represent defendants at their deposition.

If you wish to discuss scheduling please call me on my cell. Alternatively, I will be back in New York on Thursday, April 3rd and suggest that we arrange to have a telephone conference with the Court.

Very truly yours,

*Thomas M. Curtis*
Thomas M. Curtis

| | |
|---|---|
| **Subject:** | Re: Curtis v. Cenlar – deposition issues and schedule |
| **From:** | Tom Curtis (thomasmcurtis@yahoo.com) |
| **To:** | BLM@stevenslee.com; |
| **Cc:** | CP@stevenslee.com; CCB@stevenslee.com; |
| **Bcc:** | rachel@schulmanpllc.com; |
| **Date:** | Monday, April 7, 2014 4:52 PM |

Mr. Mitchell,
I have someone researching the issue as to whether or not the demand for documents contained in the amended deposition notices is proper or not and will provide an answer to that issue tomorrow afternoon. In the meantime I am advising you that each defendant must provide a witness who is an employee of that defendant with knowledge of the facts and that your suggestion that one witness will testify for both is rejected as improper. I noticed Federal Home Loan Mortgage Corporation for April 9, 2014 and Cenlar, FSB for April 10, 2014. Your suggested commencement time of 10:00AM is accepted. The amended deposition notices were timely. I will consent to a request to change the order of the depositions If you make such a request. I will accept what ever witness you produce on April 9, 2014 without documents if you decline to have the witness appear with the requested documents. I reserve my right to make a motion to compel discovery if you produce a witness who is unable to testify from personal knowledge as to the subject matters set forth in the amended deposition notice and, depending on the result of legal research, as to the witnesses failing to bring documents to the deposition. I also reserve my right to make a motion to compel discovery if you refuse to produce a witness for each defendant for such defendant's separate deposition. Therefore, your statement that you will not produced anyone for the Cenlar deposition scheduled for April 10, 2014 is not accepted. I suggest that you produce an employee of each defendant with personal knowledge as to the subject matters set forth in the amended deposition notice. I will take their deposition without documents as you decline to produce documents for the scheduled depositions but reserve all rights on discovery issues.

I will appear at your office for my deposition tomorrow at 10:30AM, the time set forth in your deposition notice. I note that this afternoon in an email from Constantine Pourakis Esq. your firm withdrew the demand contained in the notice that I appear with all documents in my possession, custody and control relevant to the instant matter.

Regards, Tom Curtis

1385 York Ave, Suite 32-B
New York, NY 10021
Tel: (212) 734-4915
Cell: (646) 981-8076
WPB: (561) 653-8072

---

**From:** "Mitchell, Bradley L." <BLM@stevenslee.com>
**To:** thomasmcurtis@yahoo.com
**Cc:** "Pourakis, Constantine" <CP@stevenslee.com>; "Bent, Camille C." <CCB@stevenslee.com>
**Sent:** Monday, April 7, 2014 2:04 PM
**Subject:** Curtis v. Cenlar - deposition issues and schedule

Mr. Curtis –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS M. CURTIS,

                                          Civil Action No. 13-cv-3007 (DLC)

                  Plaintiff,

v.

CENLAR FSB, d/b/a CENTRAL LOAN
ADMINISTRATION & REPORTING;
CENLAR AGENCY, INC., FEDERAL HOME
LOAN MORTGAGE CORPORATION;
AMERICAN SECURITY INSURANCE
COMPANY; and ASSURANT, INC.,

                  Defendants.
------------------------------------------------------------X

## <u>NOTICE OF DEPOSITION</u>

TO:    Thomas M. Curtis
        Law Office of Thomas M. Curtis
        1385 York Avenue, Suite 32-B
        New York, NY 10021

        PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30,

Defendants Cenlar, FSB, Cenlar Agency, Inc. and Federal Home Loan Mortgage Corporation

will take the deposition of Thomas M. Curtis ("Deponent"), at the office of Stevens & Lee, P.C.,

485 Madison Avenue, 20th Floor, New York, New York 10022, commencing at **10:30 a.m.** on

**April 8, 2014**. Deponent is requested to bring all documents in his possession, custody and

control relevant to the instant matter.

The deposition shall be taken before a person authorized to administer oaths,

commencing on the date and time above, and continuing day-to-day thereafter until completed.

The deposition will be transcribed by an authorized court reporter.

Dated: New York, New York
      March 14, 2014

                        **STEVENS & LEE, P.C.**

                      By _____

                            Bradley L. Mitchell
                            Constantine D. Pourakis
                            485 Madison Avenue
                            New York, New York 10022
                            Telephone: (212) 319-8500
                            Facsimile:  (212) 319-8505
                            Email: blm@stevenslee.com
                                  cp@stevenslee.com

                        Attorneys for Defendants Cenlar, FSB, Cenlar
                        Agency, Inc. and Federal Home Loan Mortgage
                        Corporation

| Subject: | Curtis v. Cenlar: Deposition Notice |
| From: | Pourakis, Constantine (CP@stevenslee.com) |
| To: | thomasmcurtis@yahoo.com; |
| Cc: | Mitchell@; |
| Date: | Monday, April 7, 2014 2:30 PM |

Mr. Curtis,

In regard to the attached deposition notice served on you on or about March 14, 2014, Defendants hereby withdraw the demand for documents set forth therein. To be clear, Defendants intend to proceed with your deposition.

Please confirm your attendance for tomorrow's deposition at my firm's offices.

Constantine Pourakis
Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
direct tel: 212-537-0409
direct fax: 610-371-1237
office tel: 212-319-8500
office fax: 212-319-8505
e-mail: cp@stevenslee.com

Stevens & Lee, P.C. is a professional services firm with over 185 lawyers and more than 40 business and consulting professionals located in offices throughout the Mid-Atlantic region. Find more information at www.stevenslee.com.

This email may contain privileged and confidential information and is solely for the use of the sender's intended recipient(s). If you received this email in error, please notify the sender by reply email and delete all copies and attachments. Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
THOMAS M. CURTIS,

                Plaintiff,

v.

CENLAR FSB, d/b/a CENTRAL LOAN
ADMINISTRATION & REPORTING;
CENLAR AGENCY, INC., FEDERAL HOME
LOAN MORTGAGE CORPORATION;
AMERICAN SECURITY INSURANCE
COMPANY; and ASSURANT, INC.,

                Defendants.
-------------------------------------------------------X

Civil Action No. 13-cv-3007 (DLC)

## DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

      Defendants Cenlar, FSB, Cenlar Agency, Inc. and Federal Home Loan Mortgage

Corporation ("Defendants"), by their attorneys, Stevens & Lee, P.C., submit this initial

disclosure, pursuant to Federal Rule of Civil Procedure 26(a)(1):

      **A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

      Cenlar FSB, by a representative with knowledge pursuant to Fed. R. Civ. P. 30(b)(6)
      c/o Bradley L. Mitchell, Esq.
      Stevens & Lee, P.C.
      485 Madison Avenue, 20th Floor
      New York, New York 10022
      (212) 319-8500

The witnesses identified above are reasonably likely to have information related to Plaintiff's
claims against Defendants; the history and correspondence between the parties; the loan at issue
in this case; the insurance as issue in this case; and the alleged damages incurred by Plaintiff in
connection with the claims asserted by Plaintiff in this action.

<u>Other potential witnesses:</u>

Other potential witnesses may include all persons, yet to be identified, employed by Federal Home Loan Mortgage Corporation and/or all other persons who were involved in the dispute that is the subject of this action.

**B. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Defendants may have in their possession the following categories of relevant documents that they may use to support their defenses: (i) correspondence with Plaintiff concerning placement of wind coverage insurance; (ii) relevant insurance policies and binders; and (iii) correspondence with Plaintiff concerning his payment of premiums for wind coverage insurance.

The location of Defendants' files are at Defendants' respective principal places of business or the undersigned counsel's office, although certain files may be warehoused. Defendants will make any available documents accessible for inspection or will provide copies upon request.

**C. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable to this action.

**D. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable to this action.

2

Discovery may reveal the existence of additional documents and information that may pertain to Defendants' defenses.  Accordingly, Defendants' initial disclosure required by the provisions of Rule 26(a)(1) is made without prejudice to their right to supplement their response should the existence of additional information or documents be revealed during the discovery process.

Dated: New York, New York
       March 14, 2014

                          **STEVENS & LEE, P.C.**

                          By _____
                             Bradley L. Mitchell
                             Constantine D. Pourakis
                             485 Madison Avenue
                             New York, New York 10022
                             Telephone: (212) 319-8500
                             Facsimile:  (212) 319-8505
                             Email: blm@stevenslee.com
                                    cp@stevenslee.com

                          Attorneys for Defendants Cenlar, FSB, Cenlar Agency, Inc. and Federal Home Loan Mortgage Corporation

TO:

Law Office of Thomas M. Curtis
1385 York Avenue, Suite 32-B
New York, NY 10021

3