# STEVENS & LEE
### LAWYERS & CONSULTANTS

485 Madison Avenue, 20th Floor
New York, NY  10022
(212) 319-8500 Fax (212) 319-8505
www.stevenslee.com

| | |
|---|---|
| Direct Dial: | (646) 254-6385 |
| Direct Fax: | (610) 371-7928 |
| Email: | blm@stevenslee.com |

April 21, 2014

<u>VIA ECF</u>

Honorable Denise L. Cote
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Curtis v. Cenlar, FSB, d/b/a Central Loan Administration, *et al.*</u>
         Case No. 13-cv-3007 (DLC)(RLE)

Dear Judge Cote:

   We write as counsel for defendants Cenlar, FSB, Cenlar Agency, Inc. and Federal Home Loan Mortgage Corporation (collectively, "Defendants") in connection with the April 9, 2014 letter to the Court [Docket No. 55] ("Defendants' Letter") and the April 14, 2014 letter [Docket No. 58] ("Plaintiff's Letter") filed with the Court by plaintiff Thomas M. Curtis ("Plaintiff"). The parties continue to dispute two issues concerning the Amended Notices of Deposition served on or about March 25, 2014 by Plaintiff on defendants Cenlar FSB ("Cenlar") and Federal Home Loan Mortgage Corporation ("Freddie Mac"), respectively (collectively, "Amended Deposition Notices").  Those issues are: (1) the validity of the untimely document requests contained therein; and (2) whether Defendants may designate one witness for both Cenlar and Freddie Mac.

   Regarding the first issue, Plaintiff's recent submission confuses the time with which to file a deposition notice with the time with which to file document requests. The Federal Rules of Civil Procedure are crystal clear about the requisite notice periods associated with each. *Compare* Fed. R. Civ. P. 34(b)(2)(A) (providing a 30-day period within which to respond to a document request) *and* Fed. R. Civ. P. 30(b)(1) (indicating that depositions must provide the party with reasonable notice).  Notably, the rules provide a straightforward mechanism with which to obtain documents from a deponent.  Under Federal Rule Civil Procedure 30(b)(2), that party may serve a subpoena duces tecum requesting documents on the deponent, *subject to* the 30-day notice requirement set forth in rule 34.  The bottom line is that Defendant is now blatantly attempting to circumvent these rules and the Court's previous Orders by attempting to

# STEVENS & LEE
### LAWYERS & CONSULTANTS

Honorable Denise L. Cote
April 21, 2014
Page 2


obtain documents under the guise of the deposition notice, citing ignorance of the Federal Rules of Civil Procedure as his only excuse.

      Second, the dispute concerning Defendants' deposition witness is the Plaintiff's latest attempt to delay the proceedings and raise non-dispositive red herring issues before the Court. Defendants are required to produce any person, whether employee or non-employee, with knowledge of the matters designated in the Amended Deposition Notices. Federal Rule of Civil Procedure 30(b)(6) states that Defendants can designate any "other persons who consent to testify on its behalf." In this case, Defendants did just that. Contrary to Plaintiff's allegations, Defendants produced a witness with knowledge about the matter as it related to both Cenlar and Freddie Mac.

      Further, Plaintiff's Letter raises additional red herring issues with Defendants' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1). Defendants served Plaintiff on March 14, 2014 with the requisite 26(a)(1) disclosures. Defendants' 26(a)(1) disclosures are fully compliant with the rules in that Defendants provided all information available at the time of the disclosures. Notably, while Plaintiff complains about Defendants' disclosures, he fails to note that he has completely failed to serve his own Initial Disclosures in this case in accordance with FRCP 26(a)(1), despite the requirement under the Rule that he do so.

      Accordingly, Defendants respectfully request in accordance with Your Honor's Individual Practices that the Court schedule a pre-motion conference to address the foregoing issues, as Defendants intend to file a motion for protective order (1) striking the document demands and references thereto contained in the Amended Deposition Notices, and (2) declaring that Defendants' production of their chosen designee is appropriate.

      Respectfully submitted,

      STEVENS & LEE

      */s/ Bradley L. Mitchell*

      Bradley L. Mitchell

BLM:ccb
cc: Thomas M. Curtis, Esq., Plaintiff *Pro Se*