# THOMAS M. CURTIS
thomasmcurtis@yahoo.com

1385 York Avenue, Apt 32-B  
New York, NY     10021  
BY HAND TO THE PRO SE DESK



Tel: (212) 734 4915  
Cell: (646) 981 8076  
April 17, 2014

Honorable Denise L. Cote  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re: Curtis v. Cenlar, et. al.  
Case No. 13-cv-3007-(DLC) (RLE)

Dear Judge Cote:

    I am writing you requesting a conference because of irreparable damage which I will suffer as a result of acts taken by defendant Cenlar after service of the complaint herein which was originally filed in Supreme Court, New York County and subsequently removed to this Court. On December 23, 2013 I moved by order to show cause for a preliminary injunction which was signed by Judge Katherine Polk Failla on December 26, 2013 (Docket No. 48). I note that the order to show cause did not request a TRO and offered to post funds sufficient to either pay the cost of the wind insurance which is the subject of the pending action or to pay it in some way which would guarantee the return of the funds if I am successful in demonstrating that the mortgage contract does not include a requirement for wind insurance or that wind insurance cannot be imposed by the lender on the facts of this case under Florida law. This Court *sua sponte* vacated the order on January 8, 2013 (Docket No. 50) thus denying me the right to interim relief on the grounds of irreparable damage which will result from the current actions of defendants. In the interest of judicial economy, I respectfully request that the conference be held at the same time as the proposed discovery conference requested by counsel for both parties.

    I am aware that a party requesting interim relief must show a likelihood of success on the merits so I am making an offer of proof as follows: The Property Insurance provision of the mortgage (¶5) defines hazard insurance but does not list wind coverage specifically though it does list "earthquakes and floods, for which Lender requires insurance." It does not define the term "extended coverage" which is the catchall under which Cenlar is imposing additional insurance for wind coverage. Paragraph 16 of the mortgage states that it is "governed by federal law and the law of the jurisdiction in which the Property is located" namely Florida.

    There is no federal law covering the issue of insurance for damage caused by wind (as opposed to flood insurance which is covered by federal statute). The new Title X regulations effective January 10, 2014, (12 CFR 1024.37 - Force-placed Insurance ) do not define hazard insurance but state that it has to comply with the "loan contract's requirements to maintain hazard insurance."  12 CFR 1024.37(b)(iii). I have made a diligent WestLaw search of all US reported cases and have not found a single case which adjudicated the issue of a hazard policy being declared not in compliance with a mortgage provision for failure to include wind coverage. However, the Supreme Court of Florida in *Clay v. Girdner*, 103 Fla. 135, 138 So. 490 (Fla. 1931) held as follows:

> Directing our attention to the second point with reference to the minimum ($37,500)

insurance coverage provided in the mortgage, the question arises: If the defendant, after repeated trials, was unable to induce any company to insure the property in the amount provided by the mortgage, would such failure constitute such a default as would give legal authority to complainant to declare all amounts due and proceed to foreclose?

Such a clause having been inserted for the benefit of the mortgagees it should, under the general rule, be strictly construed against them. ... any covenant in a mortgage to keep the property insured in a given amount, in the absence of a clear provision to the contrary, should be construed to mean that the mortgagor will procure it if obtainable, and that such covenant is contingent upon the ability to procure the stated amount. The answer states that after repeated attempts defendant was able to procure insurance only in the amount of $20,000 and alleged facts upon which assertion is based. We are of the opinion that the portion of the answer with reference to the insurance was not insufficient as against exceptions of complainant for impertinence. It was therefore error to sustain exceptions to the two portions of the answer, the substance of which are given above. 103 Fla. at 144-145, 138 So. At 494

*Clay v. Girdner* is analogous to the case at bar. In addition, I will prove through expert testimony that in Florida the standard property policy does not include wind coverage, that wind coverage in my location is only offered by Citizens Insurance and that my property is disqualified from obtaining insurance through Citizens because it does not meet Citizens underwriting standards because it is 85 years old, frame construction, and has a roof (on the front building) which has no remaining useful life and numerous other conditions.

Paragraph 7 of the mortgage requires borrower to maintain and repair the property. Plans for a major renovation of the front building structure have been filed and approved by the City of West Palm Beach and a Notice of Commencement filed with the court with Cenlar as the named mortgagee. No wind coverage policy would pay for damage when the plans call for gutting the interior and removing and rebuilding two exterior walls. In this context I note that the wind policy with Voyager Indemnity Insurance force placed by Cenlar on October 30, 2013 at a charge of $5,911.29 and back dated to May 24, 2013 does not cover the rear building at all as can be described at a conference. If true wind coverage were required this policy does not afford such coverage.

On April 15th I received a letter from Cenlar dated April 9, 2014 (copy attached hereto) returning my mortgage payment check for $1568.59, that being the monthly amount due pursuant to the mortgage without the assessment for the force placed wind policy. I also received a second letter of the same date demanding that I purchase replacement coverage when the Voyager policy expires which I am unable to do. The complaint does not have claim for refund of moneys paid subsequent to the date of the complaint or to recoup such charges if they are paid and this Court rules that *Clay v. Girdner* controls the issue. If I don't pay, then Cenlar has set this up for a default, acceleration of the loan and foreclosure. Furthermore, my FICO score last month was 845 and by holding me delinquent Cenlar will impair my credit worthiness. In addition, Cenlar's bookkeeping is erroneous as Mr. Mandes at his deposition could not explain extra charges claimed to be a "shortage" of $227.85 which appeared after the complaint was filed and Cenlar recognized that there was a policy in place. I can pay the claimed policy amount of $5,911.29 but how do I get the funds back without a second lawsuit if the Court agrees that the mortgage does not require wind coverage.?

Respectfully submitted,

/Thomas M. Curtis



**CENLAR**
CENTRAL LOAN ADMINISTRATION & REPORTING

April 09, 2014

Thomas M Curtis
1385 York Ave Apt 32b
New York NY 10021 0000

RE: Loan Number: 0031770340
Property Address: 326 Kenilworth Blvd
West Palm Beach FL 33405

Dear Customer:

Enclosed is your check number 1555 in the amount of $1568.59, which is being returned because it does not match your current payment amount of $ 2,951.19.

Please forward a replacement check for the correct amount to Cash Management Department, PO Box 77413, Ewing, NJ 08628. Your loan number must be noted on the check.

If you need additional information or clarification, please do not hesitate to contact us.

Sincerely,

Customer Service Department
CA185 022 JZG HG (XC328)

enclosure

P.S. Remember, you can review your loan account detail through www.loanadministration.com, or access your automated account information, 24 hours a day, 7 days a week, by dialing the number listed. Please have your account number available.



866-430-9689 • www.loanadministration.com

**CENLAR**
CENTRAL LOAN ADMINISTRATION & REPORTING

Date: April 9, 2014

THOMAS M CURTIS
1385 YORK AVE APT 32B
NEW YORK, NY  10021

Subject: **Please update insurance information for**
326 KENILWORTH BLVD
WEST PALM BEACH, FL  33405

Dear Customer:

Because we did not have evidence that you had wind insurance on the property listed above, we bought insurance on your property and added the cost to your mortgage loan account.

The policy that we bought is scheduled to expire. **Because wind insurance is required on your property, we intend to maintain insurance on your property by renewing or replacing the insurance we bought.**

The insurance we buy:

- **Will cost an estimated $5,916.80 annually, which may be more expensive than insurance you can buy yourself.**

- **May not provide as much coverage as an insurance policy you buy yourself.**

If you buy wind insurance, you should immediately provide us with your insurance information. All you need to do is ask your insurance agent to include the loan number and property address above on a copy of your new/renewal policy or notice of reinstatement and fax it with a Mortgagee Clause/Lender's Loss Payable Endorsement as soon as possible to: 1-843-413-7133. You/your agent can mail the documents to:

> CENLAR FSB, ISAOA, ATIMA
> C/O CENTRAL LOAN ADMINISTRATION
> & REPORTING
> PO BOX 202028
> FLORENCE, SC  29502-2028
> Loan Number: 0031770340

Or, you may update your hazard insurance coverage information online at www.MyCoverageInfo.com, referencing PIN CEN300.

If you have any questions, or need any additional information, please feel free to call Customer Care toll-free at 1-866-430-9689.

Please review the additional important information contained on the following pages of this transmittal.

The following information is being provided as a supplement to the Notice on page 1 of this document; it includes important information about the insurance on your mortgaged property.

- **PURCHASING YOUR OWN INSURANCE:**

  - **You have the right to independently purchase acceptable insurance from the insurance agent or company of your choice and we urge you to do so.** Acceptable insurance is insurance that is equal to 100% of the estimated replacement cost to rebuild your home and other improvements on your property.

    If you have been refused coverage, ask your agent or your state's insurance department whether your state has a Fair Access to Insurance Requirements (FAIR) plan, so that you can try to get the coverage you need.

- **ESCROWING FOR INSURANCE:**

  - *Applicable to Non-Escrow Only*
    Per our records, you have elected to pay your insurance directly, rather than having it paid for you through an escrow account. If you are currently unable to pay your wind insurance premium, please call us as soon as possible and ask us to set up an escrow account and advance the insurance premium for you. If you choose this option, you would repay us for the advance in your future monthly payments. We will need the contact information for your insurance agent or company as well as the amount of the premium currently due. Insurance companies allow a very short time to reinstate policies that have expired and it is important that you call us immediately if you need our assistance. We cannot pay your voluntary wind insurance premium without your cooperation.

    If you do not elect to establish an escrow account pursuant to the above paragraph for the continuation of your insurance policy, we will establish one in conjunction with the insurance we obtain and that escrow account will be charged for the premiums that we pay. **As a result, your monthly mortgage payments will be increased to include the cost of this policy.**

  - *Applicable to Escrow*
    If we purchase this insurance, your escrow account will be charged for the premiums that we pay. **Please be advised that your monthly mortgage payments will be increased to include the cost of this policy.**

- **THE INSURANCE WE OBTAIN:**

  - The insurance we obtain will remain in effect until you provide us with evidence of acceptable coverage, at which time the policy we obtained will be cancelled, and you will receive a refund of any unearned premium.

  - Even if you obtain coverage that is acceptable to us, please be aware that if there is a gap between the cancellation of your insurance and the effective date of your new coverage, you will be charged for the coverage that we purchased to cover that gap period.

  - **The cost of the insurance we obtain is likely to be much higher than the cost of coverage you could obtain on your own.** This is because the insurance we purchase is issued automatically without evaluating the risk of insuring your property.

  - **The wind insurance we obtain will <u>not</u> cover any amount you feel your home is worth in excess of the amount of dwelling coverage that you previously obtained and we entered on our records.** If you have information to verify that the amount of coverage should be different please let us know, in writing, at the address in this notice. If we did not know the last amount of insurance coverage you obtained, we will purchase coverage in the amount of the unpaid principal balance of your loan on the date we request the insurance coverage begin. Although such coverage does not meet our property insurance requirements, we will purchase it as a default in the absence of information allowing for acceptable coverage for your property. The cost of this insurance will be charged to you, by us. This does not in any way relieve you of your obligation to provide coverage acceptable to us.

745W4P-1113

- **The wind insurance we obtain will cover only the structure of your home** (e.g. the building, walls, floors, roof and permanent attachments).

    - It will not cover your furniture or any of your other personal belongings.
    - It will not cover the cost of temporarily living outside of your home because it was damaged and is being repaired.
    - It will not cover any liability incurred by you personally to someone who is injured while on your property.

- CENLAR FSB, ISAOA, ATIMA will be an insured on the policy and may be the named insured. **The insurance we obtain may provide benefits to you but is primarily for the benefit of CENLAR FSB, ISAOA, ATIMA.** If you incur property damage or loss, you may not have adequate coverage for any damages that you suffer because CENLAR FSB, ISAOA, ATIMA will be paid first.

- The policy we obtain will supersede any lender coverage remaining in effect under your previous policy.

- **IMPORTANT BANKRUPTCY INFORMATION:**

    - If you or your account is subject to pending bankruptcy proceedings, or if you received a bankruptcy discharge, this letter is for informational purposes only and is not an attempt to collect a debt.

- **FAIR DEBT COLLECTION PRACTICES ACT DISCLOSURE:**

    - CENLAR FSB, ISAOA, ATIMA is required by the Fair Debt Collection Practices Act to inform you that, as your loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the loan was not reaffirmed in the bankruptcy case, CENLAR FSB, ISAOA, ATIMA will only exercise its rights against the property and is not attempting any act to collect the discharged debt from you personally.

    - With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

- **IMPORTANT STATE INFORMATION:**

    - Your state may offer a FAIR plan which may offer coverage on your property at a lower cost. Contact your state FAIR Plan association or Department of Insurance for additional details on FAIR plan coverage.

    - Please be advised that lender-placed carrier providing the coverage referenced above may be staffing our customer service telephone lines.

**WE HOPE YOU'LL AGREE THAT OBTAINING YOUR OWN INSURANCE IS IN YOUR BEST INTEREST.**

745W4P-1113